(38 South. 442.)

No. 15,509.

LANDREAUX v. LANDREAUX.*

(April 10, 1905.)

DIVORCE—ALIMONY—RECONVENTIONAL DEMAND.

While it is true that the wife can claim alimony only when she is plaintiff, yet she may claim alimony in a suit where, in her answer to the suit of her husband for divorce, she institutes a reconventional demand for separation from bed and board. She then becomes a plaintiff in reconvention.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Walter Byers Sommerville, Judge.

Action by Andre D. Landreaux against Rita Landreaux for divorce. Judgment for defendant, and plaintiff appeals. Affirmed.

Paul Louis Fourchy, for appellant. Albert Guilbault, for appellee.

PROVOSTY, J. Plaintiff brought this suit against his wife for a divorce on the ground of adultery; and she reconvened, demanding in her turn a separation from bed and board on the ground of illtreatment. She then, by rule, demanded alimony.

Plaintiff contends that alimony can be claimed by the wife only when she is a plaintiff, not when she is a defendant. That is true, but defendant became plaintiff when she set up an independent demand by way of reconvention. This demand might have been propounded by a separate suit, and was made by way of reconvention simply as a matter of convenience.

Plaintiff also contends that defendant fail-

*Rehearing denied May 8, 1905.

ed to reside at the house assigned her by the judge. This contention is evidently an afterthought, for it was made only in the oral argument, not in the brief. It has, doubtless, been suggested by what appears to be a lacuna in defendant's proof, and there is no merit in it. For the guidance of the officers in serving the citation on defendant, plaintiff gave her residence as 1037 N. White street. Defendant's counsel taking that ·to be a correct designation of her residence, had it assigned to her as her residence during the pendency of the suit. Later, on showing that 1037 N. White street was a mistake, defendant's counsel had the designation of the residence changed to 1037 N. Crete street. At the time of the trial the defendant was living with her parents at their home, and had been so living continuously for the three years preceding; but no proof was offered of defendant's parents' home being 1037 N. Crete street. Not a word was said, however, on the trial about defendant's having absented herself from the home of her parents. There was not the slightest intimation of anything of that kind. Under these circumstances the court will assume that the domicile assigned defendant was that of her parents.

Judgment affirmed.