(59 South. 905.)

No. 19,317.

## WELSH v. BADEAUX.

(Oct. 21, 1912. Rehearing Denied Nov. 18, 1912.)

*(Syllabus by the Court.)*

DIVORCE (§ 209*)—ALIMONY.

A wife, who is made defendant in a suit brought by her husband for a separation from bed and board on the ground of abandonment, and who, in her answer, reconvenes and claims a judgment for separation from bed and board from her husband on good and sufficient grounds, is entitled to claim alimony in the pending suit.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 605–609; Dec. Dig. § 209.*]

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by John J. Welsh against Alice Badeaux, his wife. From a preliminary judgment allowing alimony to the wife, plaintiff appeals. Affirmed.

Anthony J. Rossi, of New Orleans, for appellant. L. H. Burns, of New Orleans, for appellee.

SOMMERVILLE, J. Plaintiff sues his wife for separation from bed and board, on the ground of abandonment. The wife answers, showing cause why she should not be compelled to return to the matrimonial domicile. She further alleges that the defenses urged are good and sufficient in law to grant her a separation of bed and board from her husband, and she reconvenes and asks for judgment against him. She also asks that she be allowed alimony. From a preliminary judgment, allowing the alimony to the wife, plaintiff appeals.

In the case of Landreaux v. Landreaux, 114 La. 528, 38 South. 442, we hold that a wife, who is defendant in a suit where her husband is plaintiff, and who reconvenes and claims a judgment of separation of bed and board against him, becomes a plaintiff in the action. Defendant in this cause has reconvened, and claims a judgment from her husband, and she may, under the law, ask for alimony.

Plaintiff excepts to the rule of his wife for alimony on the ground that she had left the matrimonial domicile without sufficient cause, and was therefore not entitled to alimony. The exception is frivolous, and was properly overruled, in view of the fact, already mentioned, that she has become plaintiff in reconvention, and is asking for a judgment of separation from her husband on legal grounds. Plaintiff further excepts to defendant's rule on the ground that it discloses no cause of action, for the reason that the wife, in her petition, adopts certain allegations made by her in her petition in a former suit against her husband for separation from bed and board. This exception was also properly overruled. It appears that that suit brought by the wife against her husband was discontinued on showing that a reconciliation had been effected between the parties. But this defendant here, the wife, alleges that the reconciliation was brought about through fraud and misrepresentations, and for an evil purpose, and she asks that the discontinuance ordered in that suit be set aside. She supplements these allegations by others upon which she bases her cause of action for separation from her husband.

The judgment making the rule absolute, and ordering plaintiff to pay his wife alimony, is in accordance with the law and facts disclosed by the record, and it is affirmed, with costs.