LAND, J.
 

 The present suit has been brought by plaintiff to have his marriage to defendant declared to be null and void and of no effect, on the ground that his consent to said marriage was extorted by threats of personal violence. Plaintiff alleges that at the conclusion of the ceremony he left defendant, and has not since lived with or cohabited with or had any relations with her whatsoever.
 

 Defendant denies in her answer that the consent of plaintiff to said marriage was obtained by duress, and avers that said marriage was entered into with the full and free consent of both contracting parties.
 

 Assuming the position of plaintiff in re-convention, defendant alleges that plaintiff has abandoned her, prays that the reiterated summons required by law be issued, requiring plaintiff to return to the matrimonial domicile, and, after due proceedings had, for judgment of separation from bed and board, with alimony at the rate of $1000 per month pendente lite, and that the residence of her father, No. 1007 Music street in the city of New Orleans, be assigned to her as a domicile during the pendency of this suit.
 

 The trial judge assigned domicile to defendant, as prayed for, and fixed the rule for alimony for hearing on November 7, 1924. and, on the trial of said rule awarded defendant alimony in the sum of $350 per month during the pendency of the suit.
 

 Plaintiff filed the following exceptions to the rule to show cause why he should not be condemned to pay alimony to defendant:
 

 “(1) That this court is without power, authority, or jurisdiction to award alimony in these proceedings.
 

 “(2) That the rule for alimony discloses no right or cause of action.
 

 “(3) That the allegations of said rule for alimony is an answer to the main demand, admitting the allegations of material facts contained in plaintiff’s petition, as to plaintiff’s nonratification of the pretended and void marriage.
 

 “(4) That the so-called reconventional demand and the demand for alimony is not, on its face, a demand in consequence of the main demand for nullity of the marriage, nor is the so-called reconventional demand or rule for alimony necessarily connected with or incidental to the
 
 *799
 
 main demand, and by its nature is independent ■froto the main action. /
 

 “(5) That the order of the court on the reeonventional demand is null and void, and this court is without power, authority, or jurisdiction to fix the premises 1007 Music street (residence of defendant’s father) as a so-called matrimonial domicile for defendant in rule.
 

 “(6) That the order assigning a domicile to the defendant (plaintiff in rule) is also void, in that this court has no power, jurisdiction, or authority to assign said domicile under the allegations of said so-called reeonventional demand.”
 

 The issue is squarely presented in this case whether a reeonventional demand on the part of defendant for a separation on the ground of abandonment is admissible. This question was decided in the negative in the case of Estelle Bienvenu v. Her Husband, 14' La. Ann. 386. -In that case plaintiff sued for a separation a mensa et thoro on the grounds of cruel treatment and defamation. The court said in the Bienvenu Case:
 

 “Defendant demands a separation for abandonment by way of reconvention. A particular form of proceeding is required by-the Code, for obtaining a decree of separation on this ground. To that procedure, the defendant must have recourse for relief.
 

 ' “It is, therefore, adjudged and decreed that the judgment of the district court be' reversed; that the demands of plaintiff and (defendant be rejected, without prejudice to the right of defendant to proceed against plaintiff, in legal form, for abandonment of the conjugal domicile.
 

 “And it is lastly ordered that the costs of suit be equally borne by plaintiff and defendant, with the exception of that of appeal, which are to be paid by plaintiff.”
 

 The Bienvenp Case was decided upon the merits, and the decision is by a unanimous court.
 

 That decision holds, unmistakably, that a defendant cannot claim a separation in re-convention on' the ground of abandonment, for the reason that such procedure is ,not in proper “legal form,” as a “particular form of proceedings” is required by the Code.
 

 Article 143 of the Code declares that—
 

 "Separation grounded on abandonment by one of the married persons can be admitted only in the case when he or she has withdrawn-himself or herself from the common dwelling without a lawful cause, has constantly refused to return to live with the other, and when such refusal is. made ,to appear in the manner hereafter directed.”
 

 Article 145 of the Code provides that—■
 

 “The abandonment with'which-the husband or wife is charged must be made to appear by three reiterated summonses made to him or her from month to month, directing him or her to return to the place of the matrimonial domicile, and followed by a judgment which has sentenced him or her to comply with such request, together with a notification of the said judgment, given to him or her from month to month for three times successively.
 

 “The summons and notification shall be made to' him or her at the place of his or her usual residence, if he or she lives in this state, and, if -absent, at the place of the residence of the attorney who shall be appointed to him or her.by the judge for that purpose, at the suit of the husband or wife praying for separation from bed and board.”
 

 i It is clear from the provisions of this article that the proceedings for separation from bed and board must be instituted by a direct action, against the defendant, that they are special statutory proceedings “in a particular form,” requiring the service upon the defendant of certain “reiterated summonses” and “notification isf judgment” sentencing the defendant to return to the matrimonial domicile. It is self-evident that a suit for separation, from bed and board can be brought in no other manner than that prescribed by the article of the Code, i. e., as a main demand in a direct action.
 

 This article clearly excepts by implication reeonventional demands on the ground of abandonment from the general rule that suits for separation may be brought by way of reeonvention. Landreaux v. Landreaux, 114 La. 538, 38 So. 442; Nissen v. Farquhar, 121 La. 642, 46 So. 679.
 

 In addition to this, there are other sound reasons why reeonventional demands for separation on the ground of abandonment should not be allowed.
 

 
 *801
 
 The general rule is that the main demand and that in reconvention should be disposed of at one and the same time.
 

 If a defendant has the legal right to reconvene for a separation from bed and board on the ground of abandonment, then plaintiff can be compelled to wait for months, while he is being mulct in alimony, before he can demand a trial of the main action.
 

 Moreover plaintiff can be embarrassed and hampered in the prosecution of the main demand, by being compelled either to return to the matrimonial domicile and abandon his suit, or to accede to the exaction of alimony by the defendant, to say nothing of the confusion of the issues in the case. We do not deem further discussion necessary, as the issue here involved has been set at rest in State v. Barilleau, 128 La. 1033, 55 So. 664, in which this court, in a unanimous decision, said:
 

 . “It is true that, in proceedings for separation from bed and board, or divorce, such a rule [for alimony] lies. Article 148 of the Civil Code. See, also, article 160.
 

 “The decisions cited infra clearly show that alimony is an incident' of a suit for separation from bed a¿nd board, or for divorce, in this, that it treats alimony exclusively as a right which may arise in such suits.
 

 “Erom these decisions, it cannot for a moment be inferred that alimony is also recoverable in a suit to annul the marriage. Hill v. Hill, 114 La. 44, 38 So. 14; State ex rel. Stuart v. Judge, 50 La. Ann. 559, 23 So. 445; State v. Seghers, 124 La. 115, 49 So. 998.”
 

 The judgment appealed from is therefore set aside and reversed. If is now ordered that the exception of no cause of action filed by plaintiff be sustained, and that the reconventional demands of defendant for a separation from bed and board on the ground of abandonment and for alimony be dismissed at the cost of defendant. It is further ordered that this case be remanded to the lower court to be proceeded with on the trial of the issue as to the alleged nullity of the marriage between plaintiff and defendant; defendant to pay costs of appeal.
 

 THOMPSON and ST. PAUL, JJ„ dissent.