On Motion to Dismiss.
 

 OVERTON, J.
 

 Appellee has moved to dismiss the appeal herein on three grounds. The first two grounds are closely related,, and we shall therefore consider them together.
 

 The first ground urged is that no valid citation of appeal was issued and served upon appellee, and the second ground is that no valid order of appeal was granted, in that the order fixed January 4, 1929, as the return day for the appeal — a day that had passed.
 

 The judgment from which the appeal was taken was signed on November 19, 1929; the motion for a new trial was refused on December 2,1929, and the order of appeal was granted, in chambers, on December 5,1929, making the appeal returnable January 4, 1929, which day had passed long before this suit was filed. The citation of appeal followed the order of appeal and made the return day January 4, 1929.
 

 It is obvious that the date stated in the order is a clerical error, so far a's the year is concerned, and it is equally obvious that the judge intended to make the return day January 4, 1980. The error was not misleading. The law favors the right of appeal, and has done much to prevent the dismissal of appeals. It does not sanction the dismissal of an appeal because of a clerical error, which is not even misleading. Appellee, we are satisfied, was not misled, or should not have been, by the clerical error, either in the order of appeal or in the citation of appeal.
 

 The third ground for dismissal is that no legal bond of appeal was filed. It is urged that the bond is not properly identified with the judgment appealed from. This, it is said, •results from the alleged fact that defendant’s name is incorrectly given, in stating the title or the case, in the body of the bond, by describing the judgment appealed from, as one against Mrs. May Spiller, instead of Mrs. Amy Spiller, and from the fact that the bond further describes the judgment as one rendered-in the parish of Calcasieu, instead of in the-parish of Beauregard, where -the suit was filed and tried.
 

 Since the filing of this motion to dismiss, appellant has brought here by certiorari a correct copy of the appeal bond. This copy shows thafi the defendant’s name¡ is correctly stated in the body of the bond, in describing the judgment, and that the error complained of is one, not in the bond filed, but in1 the transcript of appeal. As to the parish in which the judgment was rendered, thé app ;ai
 
 *818
 
 bond correctly describes the judgment as one rendered in the' parish of Calcasieu. The Judgment upon its face shows that it was -rendered and signed in open court, at Lake Charles, La., which is the parish seat of the parish of Calcasieu. It is -true that the suit was filed, tried, and submitted in the parish of Beauregard, but the district judge, in rendering judgment, evidently acted upon section 2 of Act No. 94 of 1S98, p. 117. Moreover, if appellee had any complaints to urge against the bond, which was duly filed in this suit, he should have availed himself of Act No. 112 of 1916.
 

 The motion to dismiss is overruled.