On the Merits.
 

 THOMPSON, J.
 

 This is a suit by the husband for a divorce on the ground of infidelity of his wife. The petition alleges a specific act of adultery to have occurred with one Shamberger at the residence of one W. F. Johnston about October 1, 1924. A general charge is made that the wife was guilty of adultery at various times since the year 1924, and -that on or about January, 1929, and repeatedly thereafter and up until the present time (the suit was filed September 28, 1929), the wife committed acts of adultery with a man whose name is unknown, at petitioner’s residence in Lake Charles.
 

 The defendant specially denied the charges made against her and alleged that she had been a fond and dutiful wife unto her husband and that he abandoned her without cause on or about August 1, 1929, and has circulated scandalous and defamatory stories about her in both Lake Charles and in De Bidder, from said date up to the present time, so that further living with him as his wife is insupportable.
 

 She prayed in reconvention for a judgment of separation “a mensa et thoro.”
 

 Judgment was rendered in favor of the plaintiff, and the defendant has appealed.
 

 The couple were married on December 10, 1921, and lived together in the marriage relation until about August 1, 1929, at which time they -separated.
 

 As already stated, the only specific act of adultery charged was one said to have been committed with a designated person, on or about October 1, 1924, nearly five years before the separation.
 

 As to this accusation, the only witness produced by the plaintiff was W. Frank John- , son. This witness ran a boarding house and the plaintiff and defendant had a room and took their meals there -for about three months in 1924. The witness claims that he occupied the north room, the plaintiff and defendant the southwest room, and Shamberger the room adjoining them, all on the second floor of the •building. There was a door opening from Shamberger’s room into the -room occupied by plaintiff and defendant.
 

 Johnson says that he was in his room sleeping when he was awakened by Shamberger playing a saxaphone; that while lying on the bed he heard Mrs. Spiller come up the- stairway and go into her room; -that he heard the door unlatch and he got up, put his overalls on, and slipped to Mrs. Spiller’s door and peeped through the keyhole; that he could see the bed moving and heard them talking on the inside but he could not see anybody on the bed. He heard somebody -get on the floor and he then went back to Shamberger’s door and' the latter came -out of his room with his clothes unfastened and he was holding up his clothes with one hand and holding his handkerchief to himself with the other hand.
 

 
 *820
 
 The witness never said anything about this occurrence
 
 to
 
 any of the interested parties, hut seems to have kept it locked up in his own breast until shortly before this suit was filed.
 

 The man Shamberger was some sort of musician, belonged to a musical band, and his instrument was a saxaphone.
 

 He was a transient character, had not been in the community long. He left shortly after the alleged incident and has not been heard of since. -
 

 The plaintiff placed several witnesses on the stand but was unable by leading questions to draw from them anything that would convict the defendant of an act of illicit relation with; any other person.
 

 There is some
 
 testimony to the
 
 effect that the defendant was seen riding about the town in her automobile with other men on several different occasions. One of these men invited to ride with her was a witness in the case for plaintiff.
 

 He was a single man at the time, and there is no pretense that anything improper occurred between him and the defendant.
 

 There are other instances of indiscreet conduct on the part of the defendant which we shall not refer to in detail, because they are wholly insufficient, separately or collectively, to justify -the court in presuming that the defendant committed adultery with such parties.
 

 The defendant denies under oath the accusation made against her, and the testimony of Johnson and the other circumstances given in evidence are not sufficient in our opinion to overcome the testimony of the defendant.
 

 ■ The presumption of innocence of the defendant of the immoral act charged against her is not overcome by the evidence, but on the contrary is strengthened by the testimony of the defendant, the long delay in making the charge and the fact- that the alleged participant in the act of adultery was a roving and transient person and left the community shortly after the alleged occurrence with his whereabouts still unknown.
 

 Aside from the particular act charged, the plaintiff has in his petition in a general way accused his wife of various acts of adultery covering a period from 1924, down to the latter part of 1929, and yet he was unable to prove a single illicit act of his wife by circumstantial or positive evidence, although he was permitted the widest latitude and threw out a dragnet as it were in an endeavor to get something of an illicit character on hi$ wife.
 

 The demand in 'reconvention for a separation on the ground of abandonment is not allowable in a ease of this kind...
 

 In Monteleone v. O’Hanlon, 159 La. 796, 106 So. 308, 309, in approving the decision in Bienvenu v. Her Husband, 14 La. Ann. 386, this court said: “That decision holds, unmistakably, that a defendant cannot claim a separation in reconvention on the ground of abandonment, for the reason that such procedure
 
 is not in
 
 proper ‘legal form,’ as a ‘particular form of' proceedings’ is required by the- Code.”
 

 The Act No.- 271 of 1928 is not applicable where separation is demanded in reconvention.
 

 The proof of abandonment by the reiterated notices is dispensed with only where the defendant in a suit for'separation has filed an answer to the main demand for separation.
 

 The allegation that the plaintiff circulated scandalous and defamatory stories about her is too general to admit of proof, and-besides there is no proof to sustain the charges.
 

 The charge of adultery made in the pe-. tition, although not sustained, in our opinion
 
 *822
 
 does not authorize a separation in favor of defendant. Homes v. Carrier, 16 La. Ann. 94.
 

 Nor can the fees of attorney be allowed in favor of the wife in -this proceeding.
 

 In Benedict v. Holmes, 104 La. 528, 29 So. 256, an attorney fee was allowed where the wife had been successful in her suit for separation.
 

 That suit
 
 was brought by the attorney on a quantum meruit.
 

 Also Lester v. Lester, 160 La. 708, 107 So. 499, and in Balfe v. Balfe, 165 La. 284, 115 So. 489.
 

 In all of these cases the wife was successful in her -suit for separation, and hence she was held entitled to recover the attorney fees paid or incurred by her.
 

 ■. But in the instant case the wife has been unsuccessful in her demand for separation and she is therefore not entitled to recover the fee in her own name, for the reason that she cannot sue the husband during the community to recover a debt.
 

 This does not mean, however, that the attorney who represented the wife in her 'unsuccessful demand for separation is not entitled to recover his fee against the husband. ¡
 

 Such attorney may recover on a quantum meruit. Delpit v. Young, 52 La. Ann. 1071, 27 So. 583. Gosserand v. Monteleone, 159 La. 316, 105 So. 356, 42 A. L. R. 310 ; Id., 164 La. 398, 113 So. 889.
 

 Por the reasons assigned, the judgment appealed'from is set aside, and the demand of the plaintiff for divorce is rejected.
 

 The reconventional demand of the defendant for separation is also- rejected without prejudice of the right of defendant’s attorney to sue the husband for a fee for his services.
 

 The plaintiff to pay all costs.