141 So. 852

**BULLOCK v. BULLOCK.**

No. 31117.

April 25, 1932.

Fern M. Wood, of Leesville, for appellant.

Overton & Hunter, of Alexandria, for appellee.

ROGERS, J.

Plaintiff sued defendant, her husband, for separation on the ground of cruel treatment. Defendant reconvened, demanding a separation for abandonment. The court below rejected plaintiff's demand, and gave defendant judgment in reconvention, ordering that plaintiff be summoned in the manner provided by law to return to the matrimonial domicile, and awarding defendant custody of the children pending further proceedings. Plaintiff appealed.

Plaintiff alleged that her husband refused to provide proper food and clothing for her and their two small children; that he often cursed and whipped her, particularly on the morning of May 13, 1928, when he drove her away from home.

Defendant denied the cruel treatment alleged, and averred that without any just cause his wife left home during his absence, taking the children with her, her act amounting in fact and in law to abandonment.

The trial judge reached the conclusion that plaintiff failed to establish the allegations of her petition, and after reading the testimony adduced on the trial of the case, we have reached the same conclusion.

In this court plaintiff has filed an exception of no right or cause of action to defendant's reconventional demand.

■ Peremptory exceptions founded on law may be pleaded in the Supreme Court. Code Prac. art. 902; Lassus v. Clarke, 134 La. 865, 64 So. 801; Veasey v. Peters, 142 La. 1012, 77 So. 948; Rogers v. Thermatomic Carbon Co., 157 La. 193, 102 So. 304.

Defendant prayed in his reconventional demand that plaintiff be summoned to return to the matrimonial domicile, but no preliminary order to that effect was granted by the court, and no summons was issued under defendant's prayer.

■ The settled jurisprudence is that a reconventional demand on the part of defendant for a separation on the ground of abandonment is not allowable. A demand for separation on that ground must be brought by direct action in the manner prescribed by Civ. Code, arts. 143 and 145, and cannot be brought in any other form. Bienvenu v. Her Husband, 14 La. Ann. 386; Ashton v. Grucker, 48 La. Ann. 1194, 20 So. 738; Monteleone v. O'Hanlon, 159 La. 796, 106 So. 308; Spiller v. Spiller, 170 La. 813, 129 So. 212.

■■ Act No. 271 of 1928, amending article 145 of the Civil Code, is not applicable, where separation is demanded in reconvention. The proof of abandonment by reiterated notices is dispensed with only where the defendant in a suit for separation has filed an answer to the main demand for separation. Spiller v. Spiller, supra.

Defendant contends that plaintiff's exception is not well founded, because the judgment on his reconventional demand is not one of separation, but only one ordering that notices to return to the matrimonial domicile be issued to plaintiff. Defendant argues that the judgment in that respect is more in the nature of an interlocutory decree than a final judgment, from which plaintiff is not entitled to an appeal.

Whether the judgment be interlocutory or final is unimportant. It was not within the power of the court below to render any other judgment than one of dismissal on defendant's reconventional demand.

For the reasons assigned, the judgment is affirmed on the main demand, and annulled on the reconventional demand; and it is now ordered that defendant's reconventional demand be dismissed, reserving defendant's right to assert in a direct action in the manner provided by law the cause of action set forth in his reconventional demand.

O'NIELL, C. J., dissents, and hands down reasons.

OVERTON, J., recused.

O'NIELL, C. J. (dissenting).

My opinion is that the judgment of the district court, ordering that the wife be summoned to return to the matrimonial domicile, in response to the defendant's reconventional demand, is correct, and should be affirmed. The decisions cited in the prevailing opinion in this case are not good authority for the ruling that a reconventional demand for a decree of separation on the ground of abandonment cannot be allowed in a suit for divorce. Such a demand in reconvention is allowable if the defendant, as plaintiff in reconvention, prays for the proper summons on

the abandoning party to return to the matrimonial domicile. Bienvenu v. Her Husband, 14 La. Ann. 386, cited in the prevailing opinion in this case, is merely an example of a case where the defendant, as plaintiff in reconvention, prayed for a judgment of separation on the ground of abandonment, without asking that the absent spouse be summoned to return to the matrimonial domicile. It was so said in Ashton v. Grucker, 48 La. Ann. 1194, 20 So. 738, 741, thus:

"In the Bienvenu Case defendant was evidently seeking to obtain a separation from bed and board on the ground of abandonment of the wife *by direct proof of the abandonment, administered on the trial without having had recourse to the various summons and orders to return prescribed by the Code.*" (The italics are mine.)

In the Ashton Case, the ruling on the defendant's reconventional demand was that the court could not give effect to the three summonses which had been served upon the plaintiff to return to the matrimonial domicile during the pendency of his suit for a separation from bed and board.

Monteleone v. O'Hanlon, cited in the prevailing opinion in this case, was not a suit for divorce or for separation from bed and board, but a suit to annul the marriage.

In Spiller v. Spiller, also cited in the prevailing opinion, the defendant did not pray, in her reconventional demand, that the plaintiff should be summoned to return to the matrimonial domicile. She merely alleged that her husband had abandoned her and had circulated scandalous and defamatory stories about her; and for that she merely prayed for a decree of separation from bed and board,

and for alimony. I have examined the original record of the case in the archives of the court.