PONDER, Justice.
 

 In this suit the plaintiff sought a separation from bed and board on the ground of cruel treatment, custody of the minor children, alimony pendente lite, a judicial sequestration of the community property, and attorney’s fees. The lower court, on August 7, 1936, awarded ex parte the plaintiff custody of the children.
 

 The defendant in his answer denied .the Cruel treatment and' in reconvention asked for a judgment of final divorce on the ground of adultery on the part of the plaintiff, custody of the children, and dissolution of the community of acquets and gains.
 

 On, September 25, 1936, a rulé issued at the instance of the plaintiff for alimony during the pendency of the suit. On October 7, 1936, a rule issued at the instance of the defendant, husband, for the custody of the children. On October 29, 1936, the plaintiff filed a motion to strike out the defendant’s reconventional demand. The rules, the motion, and the case were tried on October 29 and 30, 1936. On March 19, 1937, the court rejected plaintiff’s demand, dismissed plaintiff’s rule for alimony, rejected plaintiff’s claim for attorney’s fees, and denied plaintiff’s motion to strike out defendant’s reconventional demand, and rendered judgment in favor of the defendant on defend ant’s reconventional demand for absolute divorce, awarded the defendant temporary and permanent custody of the minor children, and ordered a dissolution of the community of acquets and gains.
 

 The plaintiff contends that the reconyen-t'ional demand for divorce on the ground
 
 *953
 
 of adultery should have been stricken out, for the reason that it is not incidental to or connected with the main demand, citing in support of this contention Spiller v. Spiller, 170 La. 813, 129 So. 212; Monteleone v. O’Hanlon, 159 La. 796, 106 So. 308, 309; Bullock v. Bullock, 174 La. 839, 141 So. 852; Dowie v. Becker, 149 La. 160, 88 So. 777.
 

 Upon examination of the cases of Spiller v. Spiller, supra; Monteleone v. O’Hanlon, supra; Bullock v. Bullock, supra, suits for separation on the ground of ill treatment, we find in each of these cases that the defendant sought by reconventional demand a judgment for separation on the ground of abandonment. This court disallowed the re-conventional demand, in each instance, on the ground that it was not incidental to, or connected with, the main demand.
 

 In the case of Monteleone v. O’Hanlon, supra, the court stated:
 

 “It is clear from the provisions of this article that the proceedings for separation from bed and board must be instituted by a direct action, against the defendant, that they are special statutory proceedings ‘in a particular form,’ requiring the service upon the defendant of certain ‘reiterated summonses’ and ‘notification of judgment’ sentencing the defendant to return to the matrimonial domicile. It is self-evident that a suit for separation from bed and board can be brought in no other manner than that prescribed by the article of the Code, i. e., as a main demand in a direct action.
 

 “This article clearly excepts by implication reconventional demands on the ground of abandonment from the general rule that suits for separation may be brought by way of reconvention. Landreaux v. Landreaux, 114 La. 528, 38 So. 442; Nissen v. Farquhar, 121 La. 642, 46 So. 679.
 

 “In addition to this, there are other sound reasons why reconventional demands for separation on the ground of abandonment should not be allowed.
 

 “The general rule is that the main demand and that in reconvention should be disposed of at one and the same time.”
 

 On examining Dowie v. Becker, supra, we find that this was a suit for divorce on the ground of living separate and apart for seven years or more under Act No. 269 of 1916, which was admitted in defendant’s answer, and the defendant by way of re-convention asked for judgment of divorce on the ground of adultery. The plaintiff by rule asked for judgment on the face of the papers. This court held that it was error on the part of the lower court to discharge the rule. It was also held to the effect that'the reconventional demand was in no way incidental to, or connected with, the main demand. The doctrine laid down in that case is correct for the reason that the sole issue in a suit for living apart seven years or more is whether or not they have lived apart continuously for that length of time. The fidelity or infidelity of either of the parties could have no bearing on the main demand.
 

 In the case of Landreaux v. Landreaux, 114 La. 528, 38 So. 442, a suit for divorce on the ground of adultery in which the defendant, wife, demanded by reconvention a
 
 *955
 
 separation on the ground of ill treatment, this court stated:
 

 “This demand might have been propounded by a separate suit, and was made by way of reconvention simply as a matter of convenience.”
 

 While in that suit it does not show that the court passed directly upon the recon-ventional demand, yet it shows that the court gave sanction to the reconventional demand.
 

 In the case of Sawyers v. Her Husband, 122 La. 200, 47 So. 464, a suit for separation on the ground of ill treatment, wherein the defendant reconvened asking for a divorce on the ground of adultery, this court gave judgment on the reconventional demand for divorce.
 

 In the instant case, the evidence of ill treatment and the evidence of adultery are certainly connected and incidental. In the opinion of the lower court it is stated to the effect that the plaintiff and defendant lived as most couples do in their station in life until the corespondent entered upon the scene. We therefore conclude that the re-conventional demand was connected with and incidental to the main demand.
 

 The plaintiff contends that she is entitled to judgment of separation of bed and board for the reason that she proved cruel treatment on the part of the defendant. We have examined the record, and we find that there were disputes between the spouses prior to the time of their separation, but that they continued to live together. We find from the testimony of the plaintiff, the defendant, and a witness who lived in the house that, on the night of the separation, practically all that happened was the defendant asked the plaintiff to leave him, which the plaintiff refused to do, and the defendant stated that if she did not leave, he would leave; the plaintiff said “suit yourself”; the defendant told the plaintiff, “I am taking this money, the rest is yours, Ollie”; and the defendant left. There is no evidence in the record of any abuse at that time, or of any cruel or ill treatment. It is unnecessary to recite the evidence as to the disputes of the spouses prior to this time, as they had lived together after the prior disputes and thereby condoned them. The lower court properly held that this was not sufficient evidence to show cruel treatment.
 

 The plaintiff contends that the evidence is not sufficient to prove adultery. The evidence shows that the plaintiff and the corespondent on several occasions registered in a hotel in the city of New Orleans under an assumed name and gave their address as a place different from where they resided. The evidence also shows that they spent nights together at the hotel in the same room, by the testimony of three witnesses from the hotel. There is other evidence in the record which corroborates this testimony. Without going into the evidence in detail, we are of the opinion that the finding of the lower court, wherein it found that adultery had been proven, was correct.
 

 The plaintiff contends that she is entitled to $100 per month for the support of her and the minor children during the pendency of this suit.
 

 
 *957
 
 Rev.Civ.Code, art. 148 provides: “If the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband.”
 

 The right of the wife for support during the pendency of a suit for separation from bed and board is so well established that it is not necessary to cite authorities.
 

 From the testimony of the plaintiff it appears that the husband’s income is $220, derived from three sources, viz.: (1) $120 per month from a bread route, whereby he sells 400 loaves of bread a day, receiving a profit of $4, making a total in the month, the $120; (2) $60 to $75 per month out of the confectionery store; and (3) $25 per month profit from cakes sold on the bread route. The defendant testified that his gross income was $120 per month, and that after deducting $23.43, monthly payment on the purchase price of the car used to deliver the bread, oil, gas, and the upkeep of the car, he received a net income of only $56.72. The defendant testified that the profits from the confectionery store, after the rent was paid, was negligible, owing to the fact that he was most of the time out on his bread route. It is to be seen that the plaintiff made no allowance for the monthly payment on the car, the upkeep, oil, gas, etc. The inventory taken by the clerk of court a few days after the suit was filed shows that value of the community property was $1,161.50. Taking the items from that inventory that constitute the stock of goods in the confectionery store, we find that the inventory value was $29.
 

 The plaintiff admits receiving $100 from the defendant on the night they separated, and that she had post office deposit certificates, acquired during the community, to the amount of $325 which she used during the pendency of this suit, making a total of $425. The custody of the children was awarded to the plaintiff on August 7, 1936, but on March 19, 1937, the custody was awarded to the defendant. Therefore, the plaintiff had custody of the children for a period of seven months and twelve days. From the facts in this case we are of the opinion that the $425 used by the plaintiff was a sufficient amount for her support and the children’s support while in her custody.
 

 For the reasons assigned, the judgment of the lower court is amended by allowing plaintiff the $425, the amount she has already received, for the support of her and the minor children. It is further ordered that that part of the judgment which provides that $325, being the value of the post office deposit certificates, be deducted from the plaintiff’s portion of the community of acquets and gains be stricken out. As amended, the judgment is affirmed. Cost to be paid by plaintiff.
 

 HIGGINS, J., absent.