On Rehearing.
HAMITER, Justice.
In his application for a rehearing plaintiff complained only of that part of our decree which granted to defendant under her reconventional demand a judgment of separation from bed and board, his counsel contending that the district court during the trial had excluded all evidence of alleged acts of cruel treatment (the basis of defendant’s demand) when sustaining plaintiff’s general objection that such acts had been condoned. We granted a rehearing on the showing thus made, but restricted it to a consideration of the reconventional demand. Except to this extent, therefore, our original decree has not been vacated.
On this limited rehearing plaintiff’s counsel, in addition to urging the mentioned contention made in the application, insists that defendant’s demand in. reconvention (for a separation on grounds, of cruel treatment) cannot lie or be maintained in this action (for a divorce predicated on charges of adultery) because the former is not necessarily connected with, and incidental to the latter as required by Code of Practice Article 375.
The record discloses that during the trial’ counsel for plaintiff invoked the provisions-of said Article 375 by offering an objection based thereon to any and all evidence in proof of the reconventional demand. The district court did not specifically rule on this objection; however, it appears to be without merit. In her pleadings setting out the reconventional demand defendant averred, as an element of cruel treatment, that plaintiff has continually accused her of being unfaithful to him and that for several months he had her followed by detectives. In view of these factual allegations it must be said that the reconventional demand is connected with and incidental to the main demand.
In Salles v. Salles, 187 La. 914, 175 So. 618, this court affirmed a judgment which had maintained the defendant wife’s re- *761 conventional demand for a separation, grounded on charges of cruelty, filed in the husband’s main action for a divorce, based on allegations of adultery.
True, in the Salles case the issue presently under consideration was not specifically raised. But it was raised and passed upon in Landry v. Regira, 188 La. 950, 178 So. 502, 503 the court there holding that “the evidence of ill treatment and the evidence of adultery are certainly connected and incidental.”
Adverting now to plaintiff’s contention which prompted our granting this limited rehearing, we find in the record much evidence tending to show that plaintiff was guilty of cruel treatment toward defendant. But such evidence of cruelty was admitted for the sole and exclusive purpose of determining the issue respecting the custody of the child after the court had sustained the objection of plaintiff’s counsel to any and all testimony in proof of the reconventional demand “on the ground that the actions of the parties in living together after these alleged offenses is a condonement on the part of the defendant, Mrs. Merl Hackler Meyer.” Consequently, particularly since the record before us contains no legally admitted evidence in proof of the reconventional demand, we were without right in granting to defendant on the original hearing a judgment of separation.
It is our opinion, however, that the district court erred when ruling that defendant had condoned the cruel acts charged to plaintiff, and, hence, that she could not introduce evidence in support of the allegations of her reconventional demand.
In the Revised Civil Code it is stated:
“The action of separation shall be extinguished by the reconciliation of the parties, either after the facts which might have given ground to such action, or after the action had been commenced.” Article 152.
“In either case the plaintiff shall be precluded from bringing his action; but he shall be at liberty to bring a new suit for causes arising since the reconciliation, and therein make use of the former motives to corroborate his new action,” Article 153.
Reconciliation (or condonement), as provided for in these codal articles, is an affirmative defense; and the burden of establishing it is with the one so pleading. Furthermore, a mere forbearance of a wife in enduring cruel treatment of the husband should not be construed as reconciliation barring her action for separation from bed and board. New v. New, 186 La. 1017, 173 So. 748.
Through his objection to the evidence offered by the defendant in proof of her reconventional demand, plaintiff sufficiently pleaded condonement (replication is unknown to our law). But at the time the court ruled on the objection and excluded *763 all of defendant’s evidence, the existence of the pleaded condonement or reconciliation did not appear with legal certainty, the plaintiff having failed to discharge the burden which he carried of affirmatively establishing it. Thereafter, of course, the reconventional demand having been eliminated, such establishment was useless and unnecessary.
Therefore, the case will have to be remanded not only for the purpose of deciding the question of alimony, as originally decreed, but also to receive evidence respecting, as well as to determine, defendant’s reconventional demand and plaintiff’s plea of condonement.
For the reasons assigned the case is remanded to the district court for further proceedings according to law and not inconsistent with the views herein expressed.
MOISE, J., concurs in decree.