YARRUT, Judge
(dissenting).
I must dissent because I believe Defendant-Appellant’s appeal should not have been dismissed.
The appeal was dismissed on the ground the appeal was taken from a judgment of the District Court denying Appellant’s motion for a new trial. A brief statement of the pleadings convinces me that the appeal was not taken from the refusal to grant a new trial, but from the judgment which was *171 previously rendered and signed on March 25, 1965, which only became final on July 6, 1965, when the motion for a new trial was denied. Until that date, the judgment rendered and signed on March 25, 1965, was not executory or appealable until the new trial was denied on July 6, 1965.
There is no question that an appeal did not lie from the denial of a new trial; and it is clear that counsel for Appellant, in his motion for the appeal, which was timely taken, inadvertently stated the date of the final judgment as July 6, 1965, when it should have been March 25, 1965. Appellant’s motion for the appeal does not recite the appeal is from the refusal of the District Court to grant an appeal from the denial of his motion for a new trial, nor does he contend he was entitled to appeal from the refusal to grant a new trial, but recites it is for an appeal “from the final judgment rendered in the above caiise on the 6th day of July, 1965,” even though counsel for Appellant strenuously contends the district judge committed error in denying a new trial. The judgment appealed from was rendered and signed on March 25, 1965, for $414,200.00, plus 8% interest and 10% attorney’s fees, without any notice to Appellant.
The devolutive appeal bond recites that Appellant was appealing from the judgment awarding Appellee $414,200.00 with interest, attorney’s fees and costs, not from the judgment denying a new trial.
General Motors Acceptance Corporation v. Deep South Pest Control, Inc., 247 La. 625, 173 So.2d 190, relied upon by this Court, is distinguishable from the instant case. In the cited case the Supreme Court noted “the appellants tacitly recognize that the appeal was from the judgment overruling the motion for a new trial by resting their case in this Court on the ground that such a judgment is appealable.” In the instant case even though Appellant contended that a new trial should have been granted, he did not argue, as the appellants did in the cited case, that a judgment denying a new trial is a final judgment which is ap-pealable.
It is clear the only final judgment rendered and signed was the original judgment rendered and signed on March 25, 1965, which only became executory and appeala-ble when the motion for a new trial was-denied on July 6, 1965. The improper date given in the motion of appeal, which is apparent from the record, should not result in the dismissal of an appeal from a default judgment for $414,200.00 plus interest and attorney’s fees, rendered and signed on the date of filing, without any citation or notice to Defendant.
We feel that the error was merely an inadvertent use of the wrong date, and is governed by LSA-C.C.P. art. 2161 which provides:
“An appeal shall not be dismissed because of any irregularity, error, or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later.”
In this case Appellee made no motion to dismiss the appeal, this Court doing so ex proprio motu.
Appeals are favored, and should not be dismissed because of technical errors. Emmons v. Agricultural Ins. Co., 245 La. 411, 158 So.2d 594; Spiller v. Spiller, 170 La. 813, 129 So. 212; Alpaugh v. Krajcer, La.App., 54 So.2d 233.
Furthermore, in the final analysis, the pleading labeled “motion for new trial” asked that the judgment rendered on March 26, 1965 be set aside and annulled and a new trial granted, which was, in effect, a proceeding to annul the judgment under LSA-C.C.P. art. 2002 for want of citation, improperly called a motion for new trial. *172 The refusal to annul the final judgment was, therefore, appealable.
For the above reasons, the appeal should not have been dismissed; but should be heard on the merits.