JASPER E. JONES, Judge.
Defendant and plaintiff in reconvention, Janice Lee Cardinale, appeals a judgment denying her a separation from her husband, plaintiff, John W. Cardinale, Jr. We afT firm.
Plaintiff sued defendant for a divorce on the grounds of adultery. Plaintiff alleged that on April 12, 1980 defendant was seen with an unnamed white male at the Lost and Found Bar. He also alleged that defendant danced with this man and then met him later at her apartment where at 12:07 a. m. the lights were extinguished until 1:30 a. m.
Defendant denied these allegations and reconvened for a separation on the grounds of public defamation and “of excesses and cruelty.”
The trial judge rejected plaintiff’s demands for a divorce because he failed to prove defendant committed adultery. He also found defendant failed to show excesses and cruelties as would entitle her to a separation, and that she did not prove public defamation. The trial judge concluded she could not use the allegation of adultery in the divorce petition as a basis for a separation on the grounds of public defamation.
Defendant appeals, asserting as the sole issue that the trial judge was wrong in holding that the allegation of adultery in plaintiff’s petition did not constitute public defamation such as would entitle defendant to a separation under LSA-C.C. art. ^(d).[1]
In the decision of Homes v. Carrier, 16 La.Ann. 94 (1861), the wife sued the husband for a divorce on the grounds of adultery. She failed to appear to prosecute her suit on trial date and her suit was dismissed. The husband then sued for separation because of the wife’s public defamation of him in her divorce petition. The supreme court held that a charge of adultery intended to serve as a basis for a judgment of divorce is not of itself a defamation such as would entitle a party to a separation, even though the party failed to sustain his or her allegations by proof. The court there said:
“If the accusation be not wanton or malicious, although unfounded in point of fact, it cannot, with propriety, be said that there was a public defamation.” Id. at 44.
In Spiller v. Spiller, 170 La. 813, 129 So. 212 (1930), the husband sued the wife for divorce, alleging one specific act of adultery and several general adulterous acts. At trial he was unable to prove any illicit act on his wife’s part by either circumstantial or positive evidence. The wife had reconvened for a separation on the grounds of defamation relying upon the allegations of the husband’s petition, and the supreme court rejected her demands stating:
“The charge of adultery made in the petition although not sustained, in our opinion does not authorize a separation in favor of defendant.” Citing Homes, supra. Id., 170 La. 813, 129 So. at 215.
Shortly after the separation between the parties, which occurred April 5, 1980, plaintiff hired private detectives to follow his wife and after plaintiff obtained the report from these investigators he instituted his suit for divorce on the grounds of adultery on April 23, 1980.
The record established that the case was earlier set for trial on May 8, 1980 at which time plaintiff’s investigators had been subpoenaed but when the case had to be continued because it was pushed from the docket by other eases, these witnesses were not told to return to court for the later trial, nor were they again timely subpoenaed.
Plaintiff’s attorney moved for a continuance because of the absence of these key witnesses, but the motion was denied. Instanter subpoenas were issued for plaintiff’s investigators as the trial proceeded, but these witnesses apparently never appeared at court as they were never placed *56 upon the witness stand. Plaintiff had no witnesses to establish that his wife was in her apartment with a man with the lights out between 12:07 a. m. and 1:30 a. m. on April 12, 1980.
At one point during the trial plaintiff was about to tell what he was told by the investigators concerning their investigation of the activities of plaintiff’s wife, but this testimony was excluded based upon an objection by counsel for appellant that the testimony was hearsay. Defendant admitted that on April 12, 1980 she went to the Lost & Found Lounge with Larry Mauldin, a friend and former co-worker of hers. She categorically denied any adulterous acts with him. She stated he dropped her off at her apartment about 11:30 p. m. She also admitted she was “going with” Mauldin for about five months after moving out from her husband.
In the supreme court decision of Starns v. Starns, 176 La. 610, 146 So. 165 (1933), the court reiterated the rule of Homes, supra, to the effect that before an accusation of infidelity can be the basis for a separation on the grounds of defamation, the accusations must be made with malice. The court rejected a wife’s claim to a separation sought upon defamation, stating:
“For the purpose of this case all that is necessary for us to find, as we do find, is that defendant did not causelessly and maliciously cause the publication of slanderous statements concerning his wife for the purpose and the intent of inflicting injury upon her.” Id., 176 La. 610, 146 So. at 167.
In the Second Circuit case of Watson v. Watson, 209 So.2d 528 (La.App. 2d Cir. 1968), the Starns, supra, case was cited with approval and the quoted rationale of Starns was reiterated.
The fact that appellant admitted going to a bar with another man and staying there with him for some time before he carried her back to her apartment on the night of the alleged adultery, together with the fact that plaintiff had been forced to trial without having available the investigators whom he employed, are circumstances which we conclude adequately support the trial judge’s conclusions that appellant did not establish her cause of action for a separation on the ground of defamation. The fact that plaintiff’s attorney failed to subpoena the investigators before trial cannot establish that plaintiff’s allegations of adultery were made with malice, nor do these allegations standing alone establish that plaintiff made them with malice.
Judgment is AFFIRMED at defendant’s cost.

. LSA-C.C. art. 138 — “Separation from bed and board may be claimed reciprocally for the following causes:
******
(4) Of a public defamation on the part of one of the married persons towards the other; ...”