NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-793

MICHAEL AND CHRISTINE DAUZAT

VERSUS

STATE OF LOUISIANA, DEPARTMENT OF TRANSPORTATION
AND DEVELOPMENT

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2005-7740-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

**********

BILLY H. EZELL
JUDGE

**********

Court composed of Marc T. Amy, Billy H. Ezell, and J. David Painter, Judges.

MOTION TO SUPPLEMENT MOTION TO DISMISS GRANTED.
MOTION TO DISMISS APPEAL DENIED.

John T. Bennett
John T. Bennett Law Offices
Post Office Box 275
Marksville, Louisiana  71351
(337) 598-2638
COUNSEL FOR PLAINTIFFS/APPELLEES:
    Michael and Christine Dauzat

**Laura L. Picard**
**Assistant Attorney General**
**La. Dept. of Justice Litigation Division**
**Post Office Box 1710**
**Alexandria, LA 71309**
**(318) 487-5944**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **State of Louisiana, Department of**
    **Transportation and Development**

**EZELL, Judge.**

The plaintiffs-appellees, Michael and Christine Dauzat, move to dismiss the appeal of the defendant-appellant, State of Louisiana, through the Department of Transportation and Development (State), as an untimely filed suspensive appeal. Specifically, the plaintiffs argue that the appellant's notice of appeal was defective since the order stated that the appeal was returnable to the Second Circuit Court of Appeal instead of this circuit. However, finding that the circumstances do not warrant a dismissal, we deny the motion.

The plaintiffs filed this action for damages against the State claiming that Mrs. Dauzat was injured when an old culvert, allegedly located on the state's right of way, collapsed under her. The plaintiffs averred that Mrs. Dauzat was severely burned when she was attempting to pour out hot water that had been used to boil crawfish and the ground on which she was standing gave way, causing the hot water to pour over her body.

In the course of the litigation, the plaintiffs filed a motion for partial summary judgment on the issue of liability against the state. Following a hearing on the matter, the trial court granted the plaintiffs' motion for partial summary judgment. The trial court signed the judgment on April 6, 2009, and the notice of judgment was mailed on the same date. Then, on May 15, 2009, the State filed a motion for appeal. The trial court signed the order granting the appeal on May 18, 2009.

The record in this appeal was lodged in this court on July 7, 2009. The plaintiffs filed their motion to dismiss the appeal in this court on July 14, 2009, contending that the notice of appeal was defective because it erroneously stated that the appeal was returnable to the second circuit. The trial court corrected the error in

2

the notice of appeal by an order dated June 18, 2009, wherein the court stated that the appeal be made returnable to this circuit.

The plaintiffs contend that the instant appeal should be dismissed even though it was filed in the correct circuit because the trial court's order granting the appeal erroneously states that the appeal is returnable to the second circuit, instead of the third circuit. In opposition, the State argues that the error was harmless as it was simply a typographical error that was later corrected by the trial court.

The law favors the right of appeal, and it does not provide for the dismissal of an appeal for an arguably typographical error that caused no harm to the appellees. *Spiller v. Spiller*, 129 So. 212 (La.1930). The instant appeal seeks review of a judgment of the Twelfth Judicial District Court, Avoyelles Parish, and is properly filed in this circuit. Additionally, even if this appeal had been filed in an appellate court that was without jurisdiction, the appeal could have simply been transferred to the proper court pursuant to La.Code Civ.P. art. 2162. Therefore, we find that the appeal should be maintained.

**MOTION TO SUPPLEMENT MOTION TO DISMISS GRANTED.**
**MOTION TO DISMISS APPEAL DENIED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.