Statement of the Case.
MONROE, J.
Plaintiff sued defendant for separation a mensa et thoro, and incidentally obtained judgment, by rule, condemning him to pay alimony at the rate of $45 per month for the support of herself and four minor children, of whom the eldest (a girl)' is 14 years old. She obtained judgment as prayed for, awarding her the custody of the children and continuing the alimony, and, after the necessary delay, sued for and ob *1013 tained a judgment of final divorce, again awarding tier the custody of the children, but rejecting her demand that the alimony for their support be continued “with full reservation of her right to demand the same in an action instituted for that purpose.” Thereafter she instituted the present action “for that purpose,” to which the defendant answers that he is willing to provide for the children at his own home, but is unable to maintain 'them elsewhere. He also sets up another defense, which, being wholly unsus-tained by proof, need not be further noticed.
The evidence shows that plaintiff has no means, and is endeavoring to support herself and the children by working in a canning factory at Houma, where she earns $35 per month when she is employed, but that at the date of the trial the factory had been “shut down” for two months, and that she was being assisted by her father, who is but little better off than she. Defendant' is employed as an engineer on a sugar plantation at an annual salary of $1,800 and board, for which he works about six months in the year, being at liberty to employ the balance of the year as he sees fit. He has two grown sons (by a previous marriage), who are able to, and are, supporting themselves, and'two daughters who are married and are supported by their husbands. Upon the facts thus presented the judge a quo gave judgment condemning him to pay alimony at the rate of $40 per month, and he has appealed.
Opinion.
Counsel for defendant refers us to Rev. Civ. Code, art. 233, which provides that:
“If the person whose duty it is to furnish alimony shall prove that he is unable to pay the same, the judge may, after examining into the ease, order that such person shall receive in his house and, there, support, and maintain the person to whom he owes alimony.”
But in this instance the judge, “after examining into the case,” reached the conclusion that the defendant is able to pay the alimony, and we agree with him.
“Alimony shall be granted in proportion to the wants of the person requiring it and the circumstances of those who are to pay it.” Rev. Civ. Code, art. 231.
The amount allowed is neither in excess of the needs of the four minor children nor out of proportion to the circumstances of the defendant.
Judgment affirmed.