(49 South. 998.)

No. 17,606.

STATE v. SEGHERS.

(June 15, 1909.)

1. DIVORCE (§ 324*) — EFFECT — SUPPORT OF CHILD.

A parent's obligation to support his child arises from the fact of paternity, as provided by Rev. Civ. Code, art. 227, and is not therefore dissolved by a divorce, and the assignment of the custody of the child to the wife.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 826; Dec. Dig. § 324.*]

2. DIVORCE (§ 324*) — EFFECT — SUPPORT OF CHILD.

Under Rev. Civ. Code, art. 158, divorce of parents does not deprive children of rights secured to them by law or by the marriage, and under Act 1902, p. 42, No. 34, it is a misdemeanor for a father to neglect willfully to support his child in necessitous circumstances, though he may by divorce or otherwise have lost the custody of the child.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 826; Dec. Dig. § 324.*]

Appeal from Juvenile Court, Parish of Orleans; Andrew Hartshorne Wilson, Judge.

Walter J. Seghers was convicted of willfully failing and neglecting to provide for his minor child, and he appeals. Affirmed.

Loys Charbonnet, for appellant. St. Clair Adams, Dist. Atty., and Albert David Henriques, Jr., Asst. Dist. Atty., for the State.

PROVOSTY, J. Defendant was charged before the juvenile court for the parish of Orleans with having willfully "failed and neglected to provide for the support of his minor child in necessitous circumstances." He pleaded to the jurisdiction of the juvenile court on the ground that his wife had obtained a divorce from him and been given the custody of the said child. This plea was overruled. He was convicted, and has appealed.

The juvenile court is given jurisdiction "of all cases of nonsupport of children by either parent."

The contention of defendant that the divorce and the assignment of the custody of the child to his wife liberated him from his obligation to support the child is untenable. The obligation on the part of the parent to support the child does not arise from the marriage, but, as Marcadé very well explains in his commentary on article 203, C. N., corresponding with article 227, Rev. Civ. Code, from the fact of the paternity. It exists in favor of children born out of wedlock. Rev. Civ. Code, art. 239. Hence the dissolution of the marriage does not dissolve the obligation of support. So we find that, by article 158 of the Code, the divorce of the parents does not deprive the children of the rights which were secured to them by law or by the marriage; and that Act 1902, No. 34, p. 42, makes it a misdemeanor for "any person" to neglect willfully to provide support for his child in necessitous circumstances without any exception being made of those parents who by reason of a divorce or otherwise have lost the custody of their children.

At common law, the situation is the same. Zilley v. Dunwiddie, Guardian, 98 Wis. 428, 74 N. W. 126, 40 L. R. A. 581, 67 Am. St. Rep. 820; Gibson v. Gibson, 18 Wash. 489, 51 Pac. 1041, 40 L. R. A. 588; State ex rel. McKay v. Superior Court for the City and County of San Francisco, 120 Cal. 143, 52 Pac. 147, 40 L. R. A. 585; Keller v. City of St. Louis, 152 Mo. 596, 54 S. W. 438, 47 L. R. A. 391.

Therefore the case of defendant, such as it is, falls within the jurisdiction of the juvenile court; and no other question than that of whether it does or not is raised or is submitted to this court for decision.

Judgment affirmed.