(67 South. 333)

No. 20843.

HARDY v. COLLINS.

(Jan. 11, 1915. On Application for Rehearing, Feb. 8, 1915.)

*(Syllabus by the Court.)*

1. DIVORCE ⬥324—JUDGMENT OF SEPARATION—SUBSEQUENT PROCEEDINGS—SUPPORT OF CHILD.

The wife who has obtained a final judgment of separation from bed and board, assigning her the custody of the child of the marriage, cannot thereafter proceed by rule in the separation suit against the father for alimony for the child. Her remedy is by separate action.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 826; Dec. Dig. ⬥324.]

2. DIVORCE ⬥324—AGREEMENT—ENFORCEMENT—SEPARATION SUIT.

Where the wife, after obtaining a final judgment of separation from bed and board, entered into an agreement with her husband for the settlement of their financial affairs, *held*, that the husband could not proceed by rule against the wife in the suit for separation to enforce such agreement, but that his remedy is by separate action.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 826; Dec. Dig. ⬥324.]

O'Niell and Provosty, JJ., dissenting on rehearing.

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by Mrs. Alice Lillian Hardy against William Andrew Collins. Plaintiff, having obtained judgment, ruled defendant to show cause why he should not be condemned to pay alimony, and defendant sued out a rule on plaintiff to show cause why certain certificates of stock should not be sold and the proceeds distributed according to agreement. From judgments overruling exceptions to plaintiff's rule and dismissing defendant's rule, defendant appeals. Judgment on rule for alimony reversed, and rule ordered dismissed, and judgment dismissing rule sued out by defendant affirmed.

Dinkelspiel, Hart & Davey and Foster, Milling, Brian & Saal, all of New Orleans, for appellant. Wm. Winans Wall, of New Orleans, for appellee.

LAND, J. In May, 1913, the plaintiff obtained a judgment of separation from bed and board from the defendant, for cause of abandonment, and granting unto her the permanent care, custody, and control of their minor child, Dorothy Collins.

In June, 1914, the plaintiff ruled the defendant to show cause why he should not be condemned to pay unto her the sum of $50 per month for the support, education, and maintenance of said minor.

Defendant excepted to the rule on the following grounds:

That no claim for alimony was made in the original petition, nor allowed in the judgment thereon, and the same cannot be claimed as an incident to the suit, but must be sued for in a separate proceeding.

That said rule discloses no cause of action.

For answer defendant denied all the allegations contained in the rule, except that he was the father of the minor, Dorothy Collins, and that by final judgment herein rendered the custody of said child was given to the plaintiff.

Respondent averred that by reason of said judgment the support of said child is due by the plaintiff, unless plaintiff should prove in a proper proceeding that she has no means to care for said child.

Respondent further averred that he had no income within the meaning of the law, and should not be condemned for alimony herein, but that he had, however, contributed to the support of his said child beyond his means, and expected to continue to do so, and that, the plaintiff being possessed of ample means and steady income, under no circumstances should the respondent be charged with more than one-half for the support of said child.

The exceptions were overruled, and after trial the rule was made absolute, and the defendant was ordered to pay to the plaintiff one-half of the costs of supporting the minor child, Dorothy Collins, fixed at the

sum of $37.50, to be paid on the 1st day of each and every month.

It appears from the record that after the judgment of separation the plaintiff agreed to renounce the community, and she and the defendant had a full and complete settlement of all their financial matters by notarial act, in which the defendant acknowledged his indebtedness to the plaintiff in the sum of $12,452.91, and to secure the repayment of the same within one year from the date of the act, together with 6 per cent. per annum interest thereon from April 1, 1913, payable monthly, defendant pledged and hypothecated to the plaintiff $39,000 of the capital stock of the Belle-Chase Land Company, Limited, and the defendant agreed and promised to pay said amount within said year, in any and all events, whether said stock proves very valuable or not.

The act provided that at the expiration of the year either party might require the sale of said stock for the best price obtainable, at private sale by mutual consent or by public auction in the absence of mutual consent, and for the distribution of the proceeds of the sale in such manner, as to first satisfy the debt due the plaintiff, with the unpaid interest thereon, and, out of the surplus (if any), to pay to the defendant the sum of $5,-000, with 6 per cent. interest from the date and an amount equal the interest paid or advanced by him personally to the plaintiff from said date, and the remainder, if any, to be equally divided between the parties.

On June 25, 1914, the defendant sued out a rule on the plaintiff to show cause why said certificate of stock should not be sold and the proceeds of the sale distributed in accordance with said notarial agreement between the parties.

Plaintiff excepted to the rule on the ground that plaintiff's remedy was by ordinary process. This exception was sustained by the court, and there was judgment dismissing defendant's rule with costs.

Defendant has appealed from both judgments.

We shall first consider the rule for alimony.

[1] We think that the exception to the proceeding by rule should have been sustained. The demand therein is, by the wife and mother, for a contribution of $50 per month for the support of the child of the marriage. This demand is not incidental to the suit for a separation from bed and board, but is based on the obligation of the father and mother to support, maintain, and educate the child of the marriage. Civil Code, art. 227.

We find in article 158 of the same Code the distinct declaration that separation or divorce does not affect the rights of the children of the marriage, "but there is no right to any claim on the part of such children, except in the manner and under the circumstances where such claims would have taken place if there had been no separation."

In State v. Seghers, 124 La. 115, 49 South. 998, this court held that a parent's obligation to support his child arises from the fact of paternity, as provided by Rev. Civ. Code, art. 227, and is therefore not affected by a divorce, and the assignment of the custody of the child to the wife; that a divorce does not deprive children of rights secured to them by law or by the marriage, and under Act No. 34 of 1902, p. 42, it is a misdemeanor for a father to neglect willfully to support his child in necessitous circumstances, though he may by divorce or otherwise have lost the custody of the child.

In Hanagriffe v. Hanagriffe, 122 La. 1012, 48 South. 438, the plaintiff wife obtained a judgment of final divorce, which awarded her the custody of the children. The district court, however, refused to continue the alimony allowed pendente lite for the support of herself and children, but reserved her right to demand the same in an action instituted for that purpose. Thereafter the

divorced wife instituted an action to recover alimony for her children, alleging her inability to support them. The district court condemned the defendant to pay alimony at the rate of $40 per month, and the judgment was affirmed on appeal. This decision points to a separate action as the proper remedy to obtain alimony from the father after judgment of divorce or separation from bed and board. The record in the case at bar indicates that the mother is supporting the child, and that her demand is really for a contribution from the father for one-half of the estimated cost of permanent support, maintenance, and education.

We think it is manifest that such a demand is not incidental to the suit for separation from bed and board now closed by a judgment of the court. It is unnecessary for the court to pass on the exception of no cause of action.

[2] It is equally clear that the enforcement of the agreement of settlement between the parties is a sequel, and not an incident, to the suit for separation from bed and board, as it was made after the judgment of separation had become final.

It is therefore ordered that the judgment on the rule for alimony be reversed, and it is now ordered that said rule be dismissed as in case of nonsuit, at the cost of the plaintiff in both courts.

And it is further ordered that the judgment dismissing the rule sued out by the defendant be affirmed, at the cost of the defendant in both courts.

## On Application for Rehearing.

PER CURIAM. The plaintiff having an income sufficient for her support, and the child being supported by the contributions of both parties, no claims for alimony were made in the proceedings for a separation from bed and board.

After the decree of separation from bed and board, the plaintiff renounced the community, and there was a full and complete settlement of the claims of the wife against the husband. After this settlement the wife by rule in the separation suit sought to compel the husband to contribute a certain sum monthly to the support, maintenance, and education of the child.

The mother being able to support the child, and bound in solido with the father to do so, the controversy is really between the parents over the question of their respective contributions to their common obligation to support, maintain, and educate the minor.

We know of no law or precedent for proceeding by rule in such a case.

It may be that a wife suing for divorce or separation, and for alimony for herself, may proceed by rule for alimony for her child or children intrusted to her custody, but no such case is here presented.

Rehearing refused.

O'NIELL, J., dissents, being of the opinion that the demand for alimony for the minor child is an incident to the main suit.

PROVOSTY, J., concurs in dissent of O'NIELL, J.