85 So.2d 499

Nellie Doyle Floyd **THORNTON**

v.

James Bura **FLOYD.**

No. 42159.

Jan. 16, 1956.

Louis Lyons, Bossier City, for plaintiff-appellant.

J. L. Thomas, Jr., Bossier City, for defendant-appellee.

SIMON, Justice.

On November 12, 1948, a judgment was rendered in favor of plaintiff, Nellie Doyle Floyd, and against her husband, James Bura Floyd, granting a separation from bed and board, awarding to her the care, custody and control of their two minor children, Eugene Lynn Floyd and James Douglas Floyd. The defendant therein was ordered to pay alimony at the rate of $18 per week for the maintenance and support of the said minor children.

In the same styled and numbered suit, the defendant on March 18, 1950, petitioned the district court for a final decree of divorce, alleging that more than one year and sixty days had elapsed from the date of the judgment of separation without any reconciliation between the parties.[1] Though the wife filed an answer to her husband's divorce suit, she made no defense thereto, nor did she assert her right to custody of their minor children nor the right to receive alimony for their maintenance and support. The issue vel non was the husband's right to a divorce. On March 28, 1950, a final judgment of divorce was rendered without any provision therein made for custody of or alimony for said children, neither having been sought.

On April 14, 1954, the plaintiff wife caused a rule nisi to issue ordering the defendant husband to show cause why a judgment in the sum of $2,376, allegedly representing accrued alimony due and exigible in favor of the minor children, should not be rendered. In response to said rule the defendant filed an exception of no right or cause of action, contending that the judgment of divorce rendered in his favor on March 28, 1950, was a final judgment, thereby nullifying and rendering of no force and effect the judgment of separation granted in favor of the wife on November 12, 1948.

The trial court sustained the exception and rejected plaintiff's demand at her cost, from which judgment plaintiff prosecutes this appeal.

In her rule to show cause, plaintiff alleges that under the judgment rendered granting alimony for the support of her two minor children there is unpaid alimony due and owing in the sum of $2,376. She prays that said amount be reduced to a money judgment and thus operate as a judicial mortgage exigible and enforcible under our law.

In her suit for a separation, plaintiff did not seek alimony pendente lite for her own maintenance and support, but only for that of the children. Accordingly, the alimony awarded was an incident incorporated into and made part of the judgment of separation. Therefore, in the present rule she is not seeking to collect delinquent and unpaid alimony pendente lite but purely the

1. LSA–R.S. 9:302.

accrued amount representing installments of the award made in said judgment.

The singular issue before us is whether plaintiff can invoke this procedure by way of a rule nisi, to enforce a right incidental to the judgment of separation of bed and board after a subsequent decree of divorce was rendered; or, correspondingly, whether the final decree of divorce abates and renders ineffective all decrees contained in the judgment of separation from bed and board.

Under our laws a judgment of separation from bed and board is not a dissolution of the marriage, and, in fact, may never result in a final decree of divorce which would forever dissolve the bonds of matrimony and place the parties in their relation to each other as if no marriage had ever been contracted between them. During the effective life of a judgment of separation from bed and board, the husband and wife may reestablish their marriage by a mere reconciliation. A judgment of separation may judicially fix and determine the status of property and other incidents flowing from such a proceeding, such as the custody of the children and the right of alimony. Incidental matters such as custody of children and alimony, however, are not of a fixed and permanent status and are subject to enforcement and to change or modification during its legal existence.

It necessarily follows that a judgment decreeing a divorce between the spouses, with its attending finality and conclusiveness, generally abates all judgments of separation from bed and board, including all incidents flowing therefrom. A judgment of divorce becomes determinative of the rights of all parties. When such a decree incorporates matters dealing with the custody of children and rights to alimony for maintenance and support, those provisions are deemed not permanent but matters subject to judicial change or modification. However, where a definitive decree of divorce is silent as to the custody of children and of an award of alimony necessary for their maintenance and support, we are convinced that such a judgment, being final and conclusive, abates and renders ineffective a judgment of separation with all of its incidents and cannot be altered or modified by a summary proceeding seeking thereby to revive the incidents of the separation suit which have not been presented for adjudication in the divorce suit.

In the case of Bienvenue v. Bienvenue, 186 La. 429, 172 So. 516, the defendant wife, against whom a decree of divorce had been granted on the statutory ground of four-year separation, instituted summary proceedings by rule to have her husband condemned to pay alimony for her maintenance. The judgment of divorce did not provide for the payment of alimony, and the respondent husband contended that unless a rule for alimony is incidental to the main demand, no summary proceeding is authorized by law. We upheld his contention,

and in reviewing the codal articles dealing with the rights of a wife to alimony, we held that where there has been a judgment granting to the wife alimony pendente lite, followed by a judgment of divorce, that such a judgment of alimony ceases to have any legal effect, citing Bowsky v. Silverman, 184 La. 977, 168 So. 121. We cited the case of Player v. Player, 162 La. 229, 110 So. 332, wherein we recognized the right of the wife to claim alimony after a divorce decree has been rendered, and held that such a right could not be pleaded as an incidental demand but required a separate suit. Accordingly, in the Bienvenue case, we concluded that a summary proceeding was not authorized by law and, therefore, subject to an exception of no cause or right of action.

In the case of Cotton v. Wright, 193 La. 520, 190 So. 665, while the plaintiff's suit for separation was pending, with an award of alimony pendente lite in her favor, her husband filed a separate suit for divorce on the ground of two years' separation. After the institution of the divorce suit, the wife proceeded in her suit for separation by rule nisi, ordering the husband to show cause why delinquent and accrued alimony should not be fixed and rendered exigible. When the rule nisi was called for hearing, the husband, having obtained a final decree of divorce, excepted thereto on the ground that all proceedings in this cause were ipso facto merged into the said final judgment of divorce and that summary proc-

ess was, therefore, not permissible, or, in effect, a plea in abatement. We recognized as sound the contention that, when the husband had been granted an absolute divorce on statutory grounds, his wife's suit against him for separation from bed and board went out of legal existence, the bonds of matrimony having been completely severed by the divorce. However, we further held that, the wife having sought by rule nisi an executory judgment for unpaid installments of alimony which accumulated during the interim of her suit for separation and the date of the judgment of divorce, such summary proceeding was permissible to enforce a final judgment for installments of alimony which accrued while defendant was her husband or, in other words, until the judgment of final divorce.

While the cases above cited involve questions of alimony for the wife, the findings and reasonings therein apply as strongly to the case at bar involving alimony in favor of the children.

In the case at bar plaintiff is seeking to have declared due and exigible unpaid and accrued alimony installments from February 22, 1949 to April 14, 1954, the date the rule nisi was issued. As previously stated, a final decree of divorce was obtained by the husband on March 28, 1950, and no appeal was taken therefrom. The rights granted by said judgment are conclusive. However, alimony rights acquired by virtue of the judgment of separation

prior to the rendition of the final decree of divorce are enforcible.

Accordingly, we conclude that the judgment of divorce, though final and conclusive, does not prevent the wife from seeking on behalf of the children to make executory the unpaid alimony installments which accumulated between the dates of the judgment awarding said alimony and the final decree of divorce; and, in that limited respect, she has stated a cause and right of action.

Insofar as her demand by way of rule nisi seeking to make enforcible alimony allegedly accrued subsequent to the date of the judgment granting the husband a divorce, such rule being predicated upon the judgment of separation which we hold became abated by the judgment of divorce, she fails to state a cause or right of action.

 We are fully cognizant of the parental obligations of mothers and fathers to support and maintain their children as prescribed by LSA–Civil Code Article 227. Concededly, that obligation is a continuing legal duty on the part of the father, not as a result of marriage but from the fact of paternity; and a dissolution of the marriage does not dissolve the parental obligation of maintenance and support so prescribed. State v. Seghers, 124 La. 115, 49 So. 998; Hardy v. Collins, 136 La. 467, 67 So. 333; Wilson v. Wilson, 205 La. 196, 17 So.2d 249.

In the enforcement of this parental obligation, we have consistently adhered to the principle that after a judgment of final divorce between the parties, resort must be had to a direct and separate action, the enforcement of such a right not being an incident to or growing out of a final judgment of divorce. Hanagriffe v. Hanagriffe, 122 La. 1012, 48 So. 438; Hardy v. Collins, supra.

Accordingly, for these reasons the judgment of the district court is reversed and the exception of no cause or right of action is overruled. This cause is remanded to the lower court for further proceedings not inconsistent with the views herein expressed and as directed by law.