209 So.2d 593 (1967)
Mrs. Winston Borskey STARKEY
v.
Eugene Thomas STARKEY.
No. 7164.
Court of Appeal of Louisiana, First Circuit.
December 19, 1967.
Rehearing Denied January 29, 1968.
*594 W. Leonard Werner, Baton Rouge, for appellant.
Benjamin Harvey, Baton Rouge, for appellee.
Before LANDRY, REID and BAILES, JJ.
LANDRY, Judge.
This appeal by defendant Eugene Thomas Starkey primarily involves the basic right of a Louisiana Court to award a wife permanent alimony subsequent to rendition of a valid foreign divorce granted the husband predicated upon substituted service. The trial court resolved the issue in favor of plaintiff wife. We find, however, plaintiff's suit should have been dismissed on appellant's exception of no right and no cause of action.
For all practical purposes the facts are not in dispute. It is conceded the parties were married in East Baton Rouge Parish, Louisiana, on December 22, 1942, wherein they established their only matrimonial domicile. Two children were born of the union, namely, Patricia Ann Starkey, born October 27, 1944, and John Thomas Starkey, who arrived November 22, 1946.
On November 9, 1951, plaintiff wife filed suit in the Nineteenth Judicial District Court, East Baton Rouge Parish, for separation from bed and board upon allegations of abandonment and nonsupport. Defendant husband reconvened therein praying for a judicial separation on grounds of cruelty. Upon plaintiff's rule for alimony pendente lite, judgment was rendered in favor of plaintiff awarding her $40.00 per month alimony for the support of herself and $40.00 additional for the maintenance of the aforenamed minors, pending the separation proceeding. Subsequently, on April 27, 1953, judgment was rendered on the merits of plaintiff's suit granting plaintiff the separation requested, custody of the two minor children and continuing the alimony theretofore awarded. Said decree was silent as to the ground on which it was awarded. Subsequently, on April 28, 1953, defendant husband filed suit for divorce in the State of Texas, alleging as grounds therefor the reputed cruelty of his wife. Constructive service was obtained upon the wife and ultimately on August 17, 1953, judgment was rendered therein granting defendant husband an absolute divorce and awarding custody of the children to the wife. The judgment also granted alimony in the sum of $80.00 per month for the support of the children but made no mention of alimony for the wife.
On January 20, 1965, Mrs. Starkey filed rules in her separation suit, which had been transferred to the Family Court, East Baton Rouge Parish (successor to the Nineteenth Judicial District Court, East Baton Rouge Parish) insofar as the present matter is concerned, for an order compelling defendant to show cause why he should not be held in contempt for failure to comply with the judgment of separation condemning him to pay alimony in the sum of $80.00 per month for the support of plaintiff and the two children. She also sought to have accumulated alimony and child support fixed in the sum of $611.20 and executory judgment in said amount rendered in her favor. Defendant excepted to all rules on the ground they were not filed in compliance with the rules of the trial court. On August 9, 1965, all of the rules nisi and defendant's exceptions were heard. Pursuant to certain stipulations between counsel, the rule for support was made absolute in that defendant was ordered to pay alimony to plaintiff in the sum of $40.00 monthly and the additional amount of $80.00 per month for the support of the two minor children. Plaintiff's remaining rules, including the one for judgment for accumulated unpaid alimony for herself and children, were dismissed with prejudice. Judgment to said effect was rendered October 28, 1965. On November 2, 1965, defendant moved for a new trial of the rule nisi which ordered his continuation of alimony payments. In said motion defendant excepted to plaintiff's *595 demands on the ground a suit for alimony could not be properly brought as an incident to the original separation action inasmuch as a final decree of divorce intervened. In this respect it is urged that following a valid divorce, the petition of a wife who seeks alimony incident to a prior separation suit states no right or cause of action and is therefore amenable to outright rejection and dismissal on an exception of no right and no cause of action. On November 23, 1966, the trial court rendered judgment on defendant's motion for new trial. It rejected his exceptions and reinstated the alimony awards granted in its judgment of August 9, 1965. Judgment to said effect was signed November 28, 1966.
On hearing defendant's motion for new trial, the lower court declined to permit defendant's offer of evidence to establish fault on the part of the wife. It did so on the ground the judgment in the separation suit resolved the question of fault in the wife's favor and was therefore res judicata of said issue notwithstanding the subsequent Texas divorce. The trial court also ruled the Texas decree did not bar plaintiff from obtaining permanent alimony but permitted, however, defendant to make an offer of proof in conformity with the provisions of LSA-C.C.P. Article 1636.
Defendant appealed the judgment ordering his payment of alimony. Plaintiff has neither appealed nor answered defendant's appeal.
In essence appellant contends the trial court erred in not giving full recognition to the Texas divorce and holding the effect thereof is to relegate the wife's claim for permanent alimony to the same status as though the marital relationship were dissolved by a Louisiana tribunal. Based on this premise, appellant contends that under Louisiana law a judgment of divorce abates and supercedes a judgment of separation from bed and board so that an award of alimony granted in an action for separation falls with the rendition of a final divorce. Therefore, counsel contends, rendition of the Texas divorce placed the wife in the same situation as though the marriage bonds had been severed by a court of this state. Counsel further argues that under the law of this state as contained in LSA-C.C. Article 160, as the same existed on the date of dissolution of the marriage in question, plaintiff had no right to permanent alimony and the trial court erred in decreeing otherwise.
Counsel for appellant also argues the trial court improperly declined to dismiss plaintiff's action on defendant's exception in that a rule for permanent alimony may not be brought as an adjunct of a separation suit after the subsequent rendition of a decree of divorce between the husband and wife. Alternatively, appellant contends the amount of alimony awarded the wife and children is excessive and should be reduced.
Considering the nature of the pleadings and procedure in the trial court, the status of the record and plaintiff's failure to either appeal or answer defendant's appeal, we conclude the trial court erroneously declined to dismiss appellee's demands on appellant's plea of abatement which in substance amounts to exceptions of no right and no cause of action.
In final analysis, the sole issue before us on this appeal is the right of a wife to claim alimony for herself and children following rendition of final divorce in favor of the husband.
It is the settled law of this state that a wife who has received an alimony award incident to suit for separation may not prosecute a claim for permanent alimony as an incident to such separation suit following a divorce which dissolves the marriage. Under such circumstances all proceedings in the separation suit become merged with the judgment of divorce and the wife who subsequently asserts a claim for alimony as an aspect of the prior separation proceeding states no right or cause *596 of action. In such event the separation suit is abated and the wife must bring a separate action for support either for herself or for children of the marriage.
The precise issue herein involved was considered in Thornton v. Floyd, 229 La. 237, 85 So.2d 499. In the cited case the wife obtained a judicial separation and was granted alimony. Subsequently, the husband obtained a divorce on the basis of the separation followed by the lapse of sufficient time without reconciliation to entitle him to divorce. More than four years after the final divorce, the wife filed a rule nisi seeking money judgment for unpaid alimony accruing to the date her application was made. In rejecting the wife's claim for alimony allegedly due following rendition of the divorce, the court stated:
"In the case at bar plaintiff is seeking to have declared due and exigible unpaid and accrued alimony installments from February 22, 1949 to April 14, 1954, the date the rule nisi was issued. As previously stated, a final decree of divorce was obtained by the husband on March 28, 1950, and no appeal was taken therefrom. The rights granted by said judgment are conclusive. However, alimony rights acquired by virtue of the judgment of separation prior to the rendition of the final decree of divorce are enforcible.
Accordingly, we conclude that the judgment of divorce, though final and conclusive, does not prevent the wife from seeking on behalf of the children to make executory the unpaid alimony installments which accumulated between the dates of the judgment awarding said alimony and the final decree of divorce; and, in that limited respect, she has stated a cause and right of action.

Insofar as her demand by way of rule nisi seeking to make enforcible alimony allegedly accrued subsequent to the date of the judgment granting the husband a divorce, such rule being predicated upon the judgment of separation which we hold became abated by the judgment of divorce, she fails to state a cause or right of action. (Emphasis supplied by the Court.)
We are fully cognizant of the parental obligations of mothers and fathers to support and maintain their children as prescribed by LSA-Civil Code Article 227. Concededly, that obligation is a continuing legal duty on the part of the father, not as a result of marriage but from the fact of paternity; and a dissolution of the marriage does not dissolve the parental obligation of maintenance and support so prescribed. State v. Seghers, 124 La. 115, 49 So. 998; Hardy v. Collins, 136 La. 467, 67 So. 333; Wilson v. Wilson, 205 La. 196, 17 So.2d 249.
In the enforcement of this parental obligation, we have consistently adhered to the principle that after a judgment of final divorce between the parties, resort must be had to a direct and separate action, the enforcement of such a right not being an incident to or growing out of a final judgment of divorce. Hanagriffe v. Hanagriffe, 122 La. 1012, 48 So. 438; Hardy v. Collins, supra."
From the foregoing, it is obvious the Supreme Court has declared that in instances of this nature, all proceedings in the separation suit become merged in the subsequent divorce. The granting of the divorce abates the prior separation suit and the wife may no longer proceed therein to claim alimony either for herself or children of the marriage. Cotton v. Wright, 193 La. 520, 190 So. 665; Thornton v. Floyd, 229 La. 237, 85 So.2d 499.
Pursuant to the holdings in the Cotton and Thornton cases, supra, following divorce, the only rights which the wife may assert as an adjunct of a prior separation suit is a claim to reduce to enforcible money judgment accrued unpaid alimony becoming due prior to the effective date of the judgment of divorce. We have no such issue in the case at bar considering plaintiff *597 did not appeal that portion of the trial court decree which rejected her claim for money judgment for accumulated unpaid alimony. Neither did plaintiff answer defendant's appeal.
The sole question before us on this present appeal is the right of the wife to seek alimony for herself and children subsequent to the rendition of a valid divorce. In this connection it is of the utmost significance that plaintiff expressly acknowledges the validity of the Texas divorce.
Plaintiff's position, succinctly stated, is that conceding the validity of the Texas decree, it can nevertheless have no effect upon her right to alimony because it was rendered upon substituted service. So contending, appellee relies upon Vanderbilt v. Vanderbilt, 354 U.S. 416, 77 S.Ct. 1360, 1 L.Ed.2d 1456, and Estin v. Estin, 334 U.S. 541, 68 S.Ct. 1213, 92 L.Ed. 1561, as authority for the proposition that, under the circumstances, the Texas decree must be deemed divisible in that while it terminates the marital relationship, it cannot adversely affect or terminate or otherwise impair or impede her right to alimony under Louisiana law.
For the reasons that follow, we pretermit all consideration of the issues sought to be raised by plaintiff by invoking the principles enunciated in the Vanderbilt and Estin cases, supra.
We believe it elementary law that valid dissolution of a marriage by judgment of a sister state can neither create nor confer any greater right upon the parties to the litigation than a similar decree rendered in the courts of this state. Therefore, assuming arguendo, the Texas divorce obtained by appellant did not in any manner affect plaintiff's rights to alimony for herself and children under Louisiana law, the mere fact that the bonds of matrimony were severed by judgment of another state does not change or alter to any extent whatsoever the manner in which plaintiff must proceed in this state to enforce such rights. Had defendant obtained a valid Louisiana divorce, plaintiff was barred under our procedural rules from attempting to seek alimony following the decree as an incident to her former separation suit. The fact that the marriage was ended by admittedly valid foreign judgment does not relieve plaintiff of the obligation of complying with well established and recognized rules of procedure prescribed in instances of this nature.
Peremptory exceptions are those the effect of which is to have plaintiff's claim declared legally nonexistent, or barred by the effect of law, and which tend toward the dismissal or rejection of plaintiff's demand. LSA-C.C.P. Article 923.
LSA-C.C.P. Article 927 states that objections which may be raised by peremptory exceptions include, inter alia, but are not limited to, five enumerated categories of exceptions among which are found exceptions of no right and no cause of action. A plea in abatement seeks to bar plaintiff's demand as a matter of law and hence must be regarded as a peremptory exception. LSA-C.C.P. Article 927. Moreover, exceptions of no right and no cause of action, though not specially pleaded, may be noticed and considered by the courts ex proprio motu. LSA-C.C.P. Article 927. Had not appellant filed the mentioned exceptions, this court, on its own motion, would have been compelled to recognize and hold that plaintiff's petition states no right and no cause of action and is therefore subject to dismissal.
For the reasons hereinabove assigned, the judgment of the trial court is reversed, annulled and set aside and judgment rendered herein in favor of defendant Eugene Thomas Starkey and against plaintiff Mrs. Winston Borskey Starkey dismissing and rejecting plaintiff's demands with prejudice, at plaintiff's cost.
Reversed and rendered.