299 So.2d 899 (1974)
Suzanne VETTER, Plaintiff-Appellee,
v.
Dean VETTER, Defendant-Appellant.
No. 12385.
Court of Appeal of Louisiana, Second Circuit.
September 4, 1974.
*900 C. William Gerhardt, Shreveport, for defendant-appellant.
Cook, Clark, Egan, Yancey & King by Gordon E. Rountree, Shreveport, for plaintiff-appellee.
Before AYRES, PRICE and HALL, JJ.
AYRES, Judge.
Plaintiff and defendant were formerly husband and wife. Of their marriage one son, Roger Vetter, now six years of age, was born. Heretofore in an action for a separation a mensa et thoro the husband was granted a judgment of separation, the wife was awarded the custody of the minor, and the husband was condemned to pay support for the minor in the sum of $350.00 per month.
Subsequent thereto and after the delay prescribed by law, no reconciliation having taken place, the husband instituted an action for a divorce. The wife made no appearance and a judgment of divorce was granted in the husband's favor. This judgment was silent as to the disposition of the minor child and as to his support.
The present proceeding, instituted by rule on June 18, 1973, was filed in the former divorce proceeding. The wife sought an award of the care, control, and custody of the minor and an award of $350.00 monthly for his support. To this proceeding the husband, under date of June 27, 1973, excepted, first on the grounds that the court was without jurisdiction inasmuch as defendant was not a resident of or domiciled in Caddo Parish, in whose court the action was instituted; and, second, that the "rule" filed by the wife neither stated nor disclosed a cause or right of action inasmuch as the action filed was not incidental to a question arising out of or in the course of the litigation in the styled and numbered cause in which it was filedthe divorce actionand because the action taken was not one authorized to be taken by rule in a summary proceeding.
Subsequent to the filing of the aforesaid exceptions, the wife by a petition filed on June 28, 1973, converted the proceedings for custody and support of the minor into an ordinary action. Thereafter the exception of no cause or right of action was sustained only so far as the present proceeding related to the divorce action. This proceeding, therefore, was as ordered by the court, assigned a new and separate docket number, to which, as of the date of the conversion of the proceedings to an ordinary action, it was ordered transferred, which was effected as of September 10, 1973.
On trial of this matter upon its merits, the mother of the child was awarded custody of the minor and the sum of $250.00 per month for its support, beginning June 28, 1973, subject to credits for payments thereafter *901 made. From a judgment thus rendered and signed, Dean Vetter, the defendant, devolutively appealed.
The appeal presents issues pertaining to procedure as well as to the merits of the award of support and the date from which the award is payable. No question is raised as to the mother's having been awarded custody of the minor.
So far as the institution of the present action for child support and custody of the child in and as an incident to the action for divorce is concerned, theretofore terminated in a final judgment, the proceedings were amenable to the exceptions of no cause or right of action. The basis for this rule is that all prior proceedings for alimony or support are merged in the subsequent divorce. The applicable principle of law is clearly set forth by our brethren of the Fourth Circuit, through Judge Samuel, speaking for the court, in Kennedy v. Kennedy, 261 So.2d 657, 658 (La. App., 4th Cir., 1972), wherein it was stated:
"Our settled jurisprudence is: Any judgment awarding alimony or child support obtained as an incident to a suit for separation from bed and board abates and ceases to have effect following a judgment of divorce. As the granting of the divorce abates the entire separation suit, including incidental alimony and child support awarded therein, following the divorce the wife may no longer proceed under a judgment rendered in the separation suit for alimony for herself or support for the children of the marriage. She can make such claim only as an incident to the divorce suit prior to rendition of the judgment of divorce or by separate action subsequent to that judgment. Thornton v. Floyd, 229 La. 237, 85 So.2d 499; Hawthorne v. Hawthorne, 214 La. 905, 39 So.2d 338; Bowsky v. Silverman, 184 La. 977, 168 So. 121; Starkey v. Starkey, La.App., 209 So.2d 593." (Emphasis supplied.)
It was, moreover, pointed out by the Supreme Court in Thornton v. Floyd, 229 La. 237, 85 So.2d 499, 502-503 (1956):

"In the enforcement of this parental obligation, we have consistently adhered to the principle that after a judgment of final divorce between the parties, resort must be had to a direct and separate action, the enforcement of such a right not being an incident to or growing out of a final judgment of divorce. Hanagriffe v. Hanagriffe, 122 La. 1012, 48 So. 438; Hardy v. Collins, supra [136 La. 467, 67 So. 333]." (Emphasis supplied.)
See also: Starkey v. Starkey, 209 So.2d 593 (La.App., 1st Cir., 1967).
From the foregoing it is obvious that in instances of this matter all proceedings become merged in the divorce and are abated thereby; hence further proceedings therein may not be maintained by a wife for alimony for herself or support for children of the marriage. In the enforcement of this parental obligation after a judgment of divorce has become final, resort must be had to a direct and separate action.
The defendant invokes the aforesaid jurisprudential rule to dismiss plaintiff's present action. However, under the turn of events hereinabove noted, the aforesaid principle is, in our opinion, without application in the instant case. The wife voluntarily converted her demands for child support to an ordinary action. The court directed the proceedings to be filed under a separate docket number and the proceedings transferred thereto. There has been, therefore, substantial compliance with the principle invoked by defendant.
The amount of support of $250.00 per month awarded for the minor is attacked by plaintiff as inadequate and by the defendant as exorbitant. Plaintiff's itemization of claimed necessary monthly expenses of the minor totals $597.50. Defendant lists the minor's needs at $173.00 per month. It appears from the record *902 that the first is obviously exaggerated and that the latter is minimized.
The father is a career officer in the United States military service, now with the rank of captain, and has a gross income exceeding $1,700.00 per month. His net monthly income slightly exceeds $1,500.00. In addition, he has access to certain fringe benefits by virtue of his military service which include such items as medical and hospital expenses as well as the privilege of shopping on the military base at prices somewhat less than charged on the usual civilian market. He has, however, since divorce, remarried.
The mother with whom the minor resides has a gross income of $450.00 per month. Her take-home pay approximates $350.00 monthly.
In giving consideration to the above-recited facts and taking into consideration the needs of the minor and the ability of the father to pay, the trial court concluded that an award of $250.00 per month was adequate. The mother's income is barely enough for her own support. From our review of the record, we are unable to conclude there was an abuse of discretion in the award of support as made by the trial court.
In Davidson v. Jenkins, 216 So.2d 682 (La.App., 3d Cir., 1968), it was shown that the husband had an annual income of $18,000.00. The court awarded $250.00 per month for the support of a minor child. In Worley v. Worley, 247 So.2d 254 (La. App., 3d Cir., 1971), two children were awarded support in the sum of $300.00 per month each when their father's annual earnings approximated $43,000.00. This court, in Bernhardt v. Bernhardt, 271 So. 2d 342 (La.App., 2d Cir., 1972), increased a child-support award to the sum of $275.-00 per month for each of two children where the husband's monthly earnings were $2,000.00. The Supreme Court, however, modified the award by deleting the child support for one of the children after he had reached the age of 18. 283 So.2d 226 (La., 1973).
Lastly, defendant contends the court erred in awarding support from June 28, 1973, the date plaintiff's petition was actually filed, rather than from September 10, 1973, the date the petition could allegedly be considered filed under the order of the court above mentioned. In its order the court did not direct that the petition be refiled. The refiling was beyond and outside the authority of the court's order. The contention, however, is, in our opinion, without merit. The petition, as aforesaid, was actually filed on June 28, 1973, and demand was accordingly judicially made. Determination of the time support awards shall begin is largely within the discretion of the trial court. Gayle v. Gayle, 191 So.2d 158 (La.App., 3d Cir., 1966); Wilson v. Wilson, 129 So.2d 61 (La.App., 3d Cir., 1961cert. denied).
For the reasons assigned, the judgment appealed is affirmed. Defendant, Dean Vetter, is assessed with costs, including the cost of the appeal.
Affirmed.