316 So.2d 485 (1975)
Jeanne BROUSSARD, Plaintiff and Appellant,
v.
Elie MENARD, Defendant and Appellee.
No. 5065.
Court of Appeal of Louisiana, Third Circuit.
July 30, 1975.
Anthony J. Fontana, Jr., Abbeville, for plaintiff and appellant.
*486 J. Nolan Sandoz, Abbeville, for defendant and appellee.
Before HOOD, CULPEPPER and WATSON, JJ.
CULPEPPER, Judge.
On December 16, 1974, plaintiff filed a rule against defendant to make executory alimony and child support payments, some of which accrued pendente lite, but most of which allegedly accrued after the divorce judgment on June 26, 1972. Defendant filed an exception of no right or cause of action as to the alleged payments which accrued after the divorce. The trial court sustained the exception. Plaintiff appealed.
The substantial issue is whether the judgment of divorce terminated the alimony and child support which had been awarded in the judgment of separation.
Jeanne Broussard was granted a judgment of separation from Elie J. Menard on May 11, 1970. As an incident to that judgment, plaintiff was awarded custody of the children, and the defendant was ordered to pay alimony pendente lite and child support in a lump sum of $519.61 per month. On February 8, 1972, plaintiff filed a rule for contempt and to make executory $3,023.40 in past due alimony pendente lite and child support. On May 16, 1972, Mr. Menard filed suit for divorce from his wife under LSA-R.S. 9:302, alleging there had been no reconciliation for one year and sixty days after the judgment of separation. In his petition for divorce, defendant also asked that his wife be ordered to show cause why the alimony pendente lite and child support should not be reduced.
Plaintiff's rule for contempt and defendant's rule to reduce alimony pendente lite and child support were heard together on May 29, 1972. On June 1, 1972, judgments on these rules were signed in favor of plaintiff making executory alimony and child support arrearages in the amount of $2,666.62, and in favor of defendant reducing the monthly lump sum payments to $325.
On June 26, 1972, Elie Menard was awarded a final divorce on confirmation of a preliminary default. The divorce decree did not mention either alimony or child support. On December 16, 1974, plaintiff filed the present rule to make executory all past due alimony and child support.
Defendant contends the judgment of divorce terminated the award of alimony pendente lite and child support made incident to the separation judgment, citing Thornton v. Floyd, 229 La. 237, 85 So.2d 499 (1956).
Plaintiff argues that a divorce decree on the basis of R.S. 9:302 does not terminate an award of alimony pendente lite and child support incident to a judgment of separation, citing the following language from Abreo v. Abreo, 281 So.2d 695, 696 (La.1973):
"This decree (a divorce by default) obtained under the authority of Section 302 of Title 9 of the Revised Statutes, had no effect upon the previous custody and alimony decrees."
The quoted statement in Abreo was made without supporting authority. On its face, the sentence, standing alone, appears to be in conflict with Thornton v. Floyd and its progeny. At least insofar as it refers to alimony pendente and child support, the quoted sentence is purely dicta, because the sole issue in Abreo was a change of custody. We do not believe that our Supreme Court, without discussion and without reference to Thornton and its progeny, intended to overrule the long established rule of that case that a judgment of divorce terminates alimony and child support awarded pendente lite in a judgment of separation.
In oral argument, counsel for plaintiff urged that the rule of the Thornton case is *487 no longer viable after the Supreme Court decision in Fulmer v. Fulmer, 301 So.2d 622 (La.1974). In Fulmer, the court held that a wife is entitled to alimony after divorce without any further proof of fault than the judgment of separation by which her husband's fault was judicially determined to be the cause of the separation, and that, in a divorce proceeding brought by the husband grounded upon non-reconciliation, the husband is not entitled to relitigate the issue of fault.
Plaintiff contends that under Fulmer her husband was barred from relitigating her fault in the divorce proceeding upon the grounds of non-reconciliation, because he had been judicially declared at fault by the separation judgment. It is urged that therefore the only issue left for determination in making an award of alimony after divorce was whether the wife was in need. Since she was determined to be in need at the time of the separation and in the later contempt proceeding, plaintiff contends the issue of need had already been decided. Consequently, plaintiff urges there were no further issues regarding alimony and child support, in the divorce proceeding, and hence the divorce judgment should not terminate the alimony and child support awarded in the prior judgment of separation.
Plaintiff's contention is erroneous for two reasons. First, the judicial standards for determining needs of the wife at the time of the separation are different than the test for her needs after divorce, LSA-C.C. Articles 148 and 160; McAfee v. McAfee, 249 So.2d 348 (4th Cir. 1971); Small v. Small, 173 So.2d 854 (4th Cir. 1965). Secondly, the Fulmer case did not examine the holding of Thornton v. Floyd, supra.
We believe that the present case is governed by the rule announced in Thornton v. Floyd, supra, 85 So.2d page 501:
"It necessarily follows that a judgment decreeing a divorce between the spouses, with its attending finality and conclusiveness, generally abates all judgments of separation from bed and board, including all incidents flowing therefrom."
Later cases applying the Thornton rule to alimony and child support are: Kennedy v. Kennedy, 261 So.2d 657 (La.App.4th Cir. 1972); Manuel v. Broderson, 298 So.2d 333 (La.App.3rd Cir. 1974); Vetter v. Fetter, 299 So.2d 899 (La.App.2d Cir. 1974); Starkey v. Starkey, 209 So.2d 593 (La. App. 1st Cir. 1967); Hill v. Hill, 304 So.2d 922 (La.App. 1st Cir. 1974), and Fellows v. Fellows, 267 So.2d 572 (La.App.3rd Cir. 1972).
Plaintiff contends her husband is estopped from challenging her right to a judgment making executory past due alimony and child support which has allegedly accrued since the divorce judgment because he raised the issue in his petition for divorce by requesting a rule to reduce the monthly installments of alimony pendente lite and child support. Plaintiff relies upon Laiche v. Laiche, 231 So.2d 647 (La. App. 1st Cir. 1969). In that case, the court held the husband was judicially estopped from denying his former wife's right to alimony and child support after a judgment of divorce where he consented and agreed in his petition to pay $150 per month, and prayed for that amount to be awarded. The Laiche case is readily distinguishable. Here, the husband did not agree to pay alimony or child support after divorce and did not pray that any amount be awarded in the divorce judgment. In his petition for divorce, defendant alleged that he was entitled to a reduction in the monthly installments of alimony pendente lite and child support because two of the children had reached the age of majority and his income had significantly decreased. Mr. Menard first prayed that plaintiff be ordered to show cause why the alimony pendente lite and child support which he had already been ordered to pay should not be reduced. In a separate paragraph he *488 prayed for a divorce and made no mention of alimony or child support after divorce.
Finally, plaintiff contends that since there is no transcript of testimony, she is unable to determine whether evidence as to alimony and child support were adduced on the confirmation of the default judgment granting the divorce. There is a presumption that the trial judge was presented with sufficient evidence to support the confirmation of a preliminary default, LSA-C.C.P. Article 1702, Delahoussaye v. Ackal, 261 La. 200, 259 So.2d 63 (1972). Furthermore, no timely appeal was taken by plaintiff from the divorce judgment. Regardless of what evidence was adduced, that judgment is no longer subject to review by appeal. It can be attacked only in a direct action to nullify the judgment, LSA-C.C.P. Articles 2001 et seq.
We conclude plaintiff's rule fails to state a cause of action as to alimony payments allegedly accruing subsequent to the divorce judgment.
However, plaintiff's rule is sufficient to allege a cause of action for unpaid alimony pendente lite accruing from the judgment of separation until the divorce decree. Under Thornton, she is clearly entitled to recover these payments.
A portion of the past due pendente lite payments has already been fixed and made executory by the judgment in the sum of $2,666.62 signed on June 1, 1972. Since defendant did not appeal from that judgment, it has now become res judicata between the parties.
There is no judgment making executory the remaining alimony pendente lite and child support which accrued from June 1 to June 26 (the date of the divorce decree). Therefore, the exception of no cause of action will be overruled as to the accrued alimony pendente lite during this 26-day period.
For the reasons assigned, the judgment appealed is amended so as to overrule the exception of no right or cause of action as to alimony pendente lite and child support due from June 1 to June 26, 1972. Otherwise, the judgment sustaining the exception of no right or cause of action is affirmed. All costs of this appeal are assessed against plaintiff appellant.
Affirmed, as amended.