341 So.2d 68 (1976)
Elwanda Marie DUBOIS, Plaintiff-Appellee,
v.
Joseph David BREAUX, Defendant-Appellant.
No. 5668.
Court of Appeal of Louisiana, Third Circuit.
December 21, 1976.
Rehearing Denied January 26, 1977.
*69 Edwards, Stefanski & Barousse, by Larry C. Dupuis, Crowley, for defendant-appellant.
Thompson & Sellers, by Charles M. Thompson, Jr., Abbeville, for plaintiff-appellee.
Before HOOD, C. J., and CULPEPPER and GUIDRY, JJ.
HOOD, Chief Judge.
Defendant, Joseph David Breaux, appeals from a judgment rendered by the trial court condemning him to pay to plaintiff, Mrs. Elwanda Marie Dubois, the sum of $5,359.50, representing arrearages in alimony and child support payments.
The sole issue presented is whether the judgment of final divorce rendered in this case, which was silent as to alimony and child support, abated and rendered ineffective that part of an earlier separation decree which ordered the defendant husband to pay alimony and child support.
A judgment decreeing a separation from bed and board between Mrs. Dubois and defendant Breaux was rendered by the trial court on April 15, 1968. In that judgment, plaintiff was granted custody of the two minor children of the marriage, and she was awarded "permanent alimony and child support *70 for herself individually and for the use and benefit of the minor children" in the amount of $175.00 per month, commencing April 15, 1968.
In July, 1969, Mr. Breaux filed a petition seeking a final divorce on the ground that the parties had lived separate and apart for one year and sixty days after the date of the judgment of separation. The issue was tried, and judgment was rendered by the trial court on October 3, 1969, decreeing a final divorce between the parties. The judgment granted to Mrs. Dubois the permanent care, custody and control of their two minor children, but it did not condemn defendant to pay any amounts as alimony or child support. The judgment, however, did contain the following statement relating to child support:
"It is further ordered, adjudged and decreed that the amount to be awarded as child support for the use of the minor children be relegated to a separate judgment."
The minutes of the session of the district court held on October 3, 1969, show the following with reference to the case: "Rule for increase of alimony is made absolute and an increased to the amount of $185.00 per month."
There is no formal or signed judgment in the record which conforms to the above minute entry. The record also shows that no judgment or decree was signed by the trial court on October 3, 1969, or at anytime thereafter, condemning defendant to pay alimony or child support to plaintiff or to anyone else.
Plaintiff, Mrs. Dubois, remarried in November, 1971.
On October 1, 1974, plaintiff filed a petition alleging, among other things, that defendant had failed to pay the full amount due as alimony and child support for the month of December, 1969, that thereafter he had failed to make payments of $175.00 per month, as ordered by the separation decree rendered on April 15, 1968, and that the alimony and child support payments then due and unpaid amounted to the aggregate sum of $5,359.50. Pursuant to that pleading, a rule was issued directing defendant to show cause why he should not be adjudged in contempt of court, and why the amount of past due alimony under the above judgment should not be made executory.
Before a hearing was held on the above rule, another petition was filed by Mrs. Dubois on February 4, 1975, seeking judgment condemning defendant to pay alimony and support at the rate of $175.00 per month, and praying that that judgment "be made retroactive to the date of the judgment of divorce, namely October 2, 1969." Alternatively, she prays for judgment ordering defendant to pay $250.00 per month for the support of the minor children. A rule was issued by the trial court directing defendant to show cause why judgment should not be rendered as prayed for in that petition.
Both of the above rules, and another rule not pertinent here, were tried on March 17, 1975. The trial judge assigned reasons for judgment on August 1, 1975, concluding that defendant was in contempt for having failed to make the alimony and child support payments ordered in the separation decree dated April 15, 1968, that plaintiff is not entitled to further alimony since she has remarried, and that the evidence was inadequate to enable the court to determine the amount of child support which defendant should pay hereafter.
Judgment was rendered by the trial court on May 17, 1976, decreeing defendant Breaux to be in contempt of court, and sentencing him to serve ten days in jail unless he brings up to date within 60 days all arrearages of alimony and child support which have accrued since the judgment of separation was rendered on April 15, 1968, amounting to the total sum of $5,359.50. The judgment also orders that "the record of this suit is to remain open" so that the needs of the children can be ascertained in a further hearing "in separate proceedings," and a determination can be made of the amount which defendant hereafter should be condemned to pay as child support. *71 Defendant Breaux has appealed from that judgment.
Our law is settled that a judgment of final divorce abates and renders ineffective a prior judgment of separation from bed and board and all incidents flowing therefrom, including the fixing of alimony and child support and the awarding of custody of the children, except that the wife retains the right to enforce payment of the amount of alimony or child support which accrued prior to the date of the final divorce decree. Thornton v. Floyd, 229 La. 237, 85 So.2d 499; Bozarth v. Bozarth, 199 So.2d 544 (La.App. 4 Cir. 1967); Broussard v. Menard, 316 So.2d 485 (La.App. 3 Cir. 1975); Manuel v. Broderson, 298 So.2d 333 (La.App. 3 Cir. 1974); Fellows v. Fellows, 267 So.2d 572 (La.App. 3 Cir. 1972).
In Thornton v. Floyd, supra, our Supreme Court said:
"It necessarily follows that a judgment decreeing a divorce between the spouses, with its attending finality and conclusiveness, generally abates all judgments of separation from bed and board, including all incidents flowing therefrom. . . . However, where a definitive decree of divorce is silent as to the custody of children and of an award of alimony necessary for their maintenance and support, we are convinced that such a judgment, being final and conclusive, abates and renders ineffective a judgment of separation with all of its incidents and cannot be altered or modified by a summary proceeding seeking thereby to revive the incidents of the separation suit which have not been presented for adjudication in the divorce suit."
In the instant suit we regard the judgment of final divorce rendered by the trial court on October 3, 1969, as being silent as to alimony or child support. No judgment ordering defendant to pay alimony or child support was rendered on October 3, 1969, and no such judgment has been rendered in this case since that time.
Applying the above rule to this case, we conclude that that part of the separation decree which was rendered by the trial court on April 15, 1969, and which ordered defendant Breaux to pay alimony and child support in the amount of $175.00 per month, abated and became ineffective on October 3, 1969, when the judgment of final divorce was rendered. Plaintiff has not alleged, and the evidence does not show, that defendant failed to make any payments of alimony or child support which accrued prior to October 3, 1969. We think the trial judge erred, therefore, in holding defendant in contempt and, in effect, ordering him to pay a sum of money as arrearages of alimony and child support.
Plaintiff contends, however, that the judgment of final divorce rendered in this case was not silent as to child support, and that the rule applied in Thornton v. Floyd, supra, and its progeny, is not controlling here. She points out that the divorce decree orders that "the amount to be awarded as child support for the use of the minor children be relegated to a separate judgment." She argues that in view of that order the divorce decree was not silent as to child support, and that "the prior award of alimony and child support should have remained in full effect until such time as the judgment envisioned by the divorce judgment was obtained and signed by the court." We cannot agree with that argument. In our opinion, the divorce decree must be regarded as being silent as to alimony or child support, since it makes no awards as such. There is no basis for holding that the trial judge intended for the awards made in the separate decree to be continued in effect.
Plaintiff also refers us to Abreo v. Abreo, 281 So.2d 695 (La.1973), suggesting that that case casts "some doubt on the continuing validity of Thornton and its progeny." We considered Abreo in Broussard v. Menard, supra, and concluded that the Supreme Court in rendering that decree did not intend to overrule the long established rule that a judgment of divorce terminates alimony and child support awarded pendente lite in a judgment of separation.
Plaintiff contends, finally, that the minute entry made on October 3, 1969, constitutes *72 a sufficient basis for awarding arrearages of alimony at the rate of $185.00 per month. She relies on Moreau v. Falgout, 304 So.2d 429 (La.App. 1 Cir. 1974), to support that argument.
In Moreau the judgment of final divorce awarded the wife $220.00 per month as permanent alimony and child support. A few months later the defendant husband had the payments reduced to $195.00 per month. The court minutes reflected the rendition of such a judgment, but a signed copy of the judgment was not in the record. The trial court, in computing the arrearages, based his computations on the lower figure which was shown in the minute entry. The Court of Appeal affirmed, holding that "it is not error on the part of a trial judge to take notice of the minutes of his own court in matters relating to alimony and/or child support when the judge is called upon to fix accumulated arrearages."
We distinguish Moreau from the instant suit. In that case the judgment granting the final divorce specifically ordered the husband to pay alimony, and the minutes of the court show that another judgment was rendered later reducing the amount of the alimony payments. In the present suit, the judgment granting the final divorce did not condemn defendant to pay alimony or child support, and the court minutes do not show that a judgment has ever been rendered, on or after the date the final divorce was granted, ordering or purporting to modify the payment of alimony or child support. There is no judgment in the instant suit, therefore, which can serve as the basis for holding that defendant is in arrears in the payment of alimony or child support.
Even if a formal judgment had been signed on October 3, 1969, ordering that alimony payments be increased to $185.00 per month, that judgment would have become ineffective the same day, and it thus could not have served as the basis for awarding arrearages of alimony.
The trial court issued a rule on September 4, 1969, directing defendant to show cause why the "child support and alimony pendente lite payments," which had been ordered in the separation judgment rendered on April 15, 1968, should not be increased. That rule was tried on October 3, 1969, and the court minutes indicate that at the conclusion of that trial, the district judge orally ordered that the rule be made absolute and that the alimony pendente lite payments, previously ordered in the 1968 separation decree, be increased to $185.00 per month. A judgment ordering such an increase was never signed. If such a judgment had been signed, however, it would have constituted merely a modification of the separation decree, increasing the amount of the alimony pendente lite payments which were specified in the earlier decree. Such a judgment could not have been construed as one awarding permanent alimony under LSA-C.C. art. 160. On the same day, October 3, 1969, the trial court rendered another judgment decreeing a final divorce between the parties, and we have held that that judgment had the effect of abating the separation decree and the award of alimony pendente lite made in that decree. We think the judgment granting a final divorce also would have abated and rendered ineffective a judgment, had there been one, purporting to increase the award of alimony pendente lite.
Our conclusion is that the trial judge erred in decreeing that defendant is in contempt and in sentencing him to confinement unless he brings up to date arrearages for alimony and child support.
For the reasons assigned, the judgment appealed from is reversed insofar as it decrees that defendant Breaux is in contempt of court, and insofar as it sentences him to serve ten days in jail unless he brings up to date arrearages for alimony and child support in the total sum of $5,359.50. Judgment is hereby rendered decreeing that defendant Breaux is relieved of the payment of alimony and child support from October 3, 1969, until March 17, 1975, the latter being the date on which the rule to fix arrearages of alimony and child support was tried. In all other respects, the judgment appealed from is affirmed. The costs *73 of this appeal are assessed to defendant-appellant.
Reversed in part and affirmed in part.