ON REHEARING:
On the application of Beryl Corceller Ba-bin, plaintiff-appellee, we granted a limited rehearing on the issues of child custody and support and visitation rights. After reconsideration of those issues, we conclude that *1141 our original judgment was in error in holding that the judgment of divorce in Cata-houla Parish terminated the Jefferson Parish separation suit and the decrees of that court pendente lite concerning the child, which we stated were ancillary proceedings to that separation suit.
In reaching the result that we did, we relied upon the principles enounced in the case of Thornton v. Floyd, 229 La. 237, 85 So.2d 499 (1956). On application for rehearing, it was called to our attention that the Supreme Court of Louisiana in the case of Lewis v. Lewis, 404 So.2d 1230 (La.1981) has overruled Thornton v. Floyd stating as follows at p. 1234:
“Our previous opinions holding that support awarded to minor children ceases upon the rendition of a judgment of divorce were in error and are overruled to the extent they are inconsistent herewith. White v. Morris, [236 La. 767, 109 So.2d 87 (1959)], supra; Thornton v. Floyd, 229 La. 237, 85 So.2d 499 (1956); Bowsky v. Silverman, [184 La. 977, 168 So. 121 (1936)], supra.”
The court in Lewis established the principle that a judgment awarding support for a child has a legally independent basis and is not a mere incident of the separation decree which terminates at the dissolution of the marriage. We are thus bound in this case to decree that the Jefferson Parish court retains jurisdiction of the issue of child support beyond the effective date of the Catahoula Parish divorce decree and amend our previous decree accordingly. Similarly, it must follow that other issues which relate to the child, i.e., child custody and visitation rights, must also remain with the Jefferson Parish court. See for example Howard v. Howard, 409 So.2d 279 (La. App. 4th Cir.1981) relative to custody.
For these reasons our previous decree to terminate child support effective 30 days from March 19, 1981, and similarly terminating the visitation decree is in error and we annul those portions of our decree and now affirm the judgment of the District Court relative to those matters. In all other respects our decree is reinstated. As thus amended, our decree is now as follows:
We annul and set aside the order of dismissal of appeal signed January 27, 1981; we annul and set aside the divorce judgment of October 9, 1980, and render judgment in favor of Gerald R. Babin and against Beryl Corceller Babin maintaining the exception of lis pendens dismissing her petition for divorce; in the judgment of March 5, 1981, we annul and set aside the finding concerning fault, we amend the award for alimony for Beryl Corceller Ba-bin to terminate 30 days from March 19, 1981, we affirm the award for child support and visitation, and the balance of that judgment is affirmed. The cost of this appeal shall be borne by Gerald R. Babin.
ANNULLED AND SET ASIDE IN PART, AMENDED IN PART, AFFIRMED IN PART.