540 So.2d 1026 (1989)
Karen Michelle Huff WALTERS, Plaintiff-Respondent,
v.
Garland Grant WALTERS, Defendant-Applicant.
No. 20342-CW.
Court of Appeal of Louisiana, Second Circuit.
February 22, 1989.
Caldwell & Caldwell by James D. Caldwell, Jonesboro, for defendant-applicant.
William H. Baker, Jonesboro, for plaintiff-respondent.
Before MARVIN, LINDSAY and HIGHTOWER, JJ.
*1027 MARVIN, Judge.
We granted a writ of review in this post-divorce contempt proceeding to consider whether an injunction in the earlier judgment of separation that prohibited the husband from abusing or harassing the wife, continued in effect after the divorce where the injunction was not mentioned in the divorce judgment.
Overruling the husband's exception of no cause of action, the trial court enforced the injunction against the husband and held him in contempt for conduct that occurred six months after the divorce judgment became final.
We reverse the conviction, set aside the sentence, and render judgment sustaining the exception and dismissing the wife's contempt action. See and compare LRS 9:306; LRS 46:2134-2136; Lewis v. Lewis, 404 So. 2d 1230 (La.1981); Thornton v. Thornton, 99 So.2d 43 (La.1958); Thornton v. Floyd, 85 So.2d 499 (La.1956).[1]

FACTS
Mrs. Walters petitioned for separation in Ouachita Parish on November 21, 1986, and obtained a TRO prohibiting Mr. Walters from physically or verbally abusing or harassing her until the hearing on her request for a preliminary injunction. Before that hearing was held, the action was transferred to Richland Parish on an exception of improper venue. The Richland Parish court continued the TRO in effect until the hearing on Mrs. Walters' rules for custody, child support, alimony, and a preliminary injunction.
The rules, and apparently the merits of the separation suit, were heard on February 26, 1987. The judgment granted to Mrs. Walters the separation and custody of the three children, child support, alimony pendente lite, and injunctive relief. The judgment, signed three months later on May 26, 1987, decreed in part:
that ... there be judgment in [her] favor, and against [Mr. Walters], perpetuating the preliminary writ of injunction herein issued and forever enjoining, restraining and prohibiting [Mr. Walters] from physically or verbally abusing or harassing [Mrs. Walters] at her residence or place of employment.
Although the part of the judgment quoted above speaks of "forever enjoining" Mr. Walters, Mrs. Walters sought only a preliminary injunction in her petition, and the preface paragraph of the judgment recites that the hearing was "on the rule ... for preliminary injunction."
The judgment purports to perpetuate "the preliminary writ of injunction issued herein" but no preliminary injunction had issued. A TRO is a legal creature distinct from a preliminary injunction. Compare CCP Arts. 3601-3612.
The transcript of the trial on the merits of the separation suit and the rules is not before us. The record of the contempt hearing does not allow us to speculate whether the injunction should be classified as "preliminary" or "permanent." The classification, however, is not controlling in this instance.
On her petition, Mrs. Walters obtained the divorce judgment in Jackson Parish on November 12, 1987. The divorce judgment continued the provisions for custody, child support, and alimony which were in the separation judgment, but does not mention the injunction. The record before us contains only the divorce judgment and we cannot determine whether Mrs. Walters petitioned to continue or to seek injunctive relief in her divorce action.
On May 20, 1988, Mrs. Walters filed a rule for contempt in Richland Parish, the venue of the separation action, alleging that Mr. Walters violated the injunction in the separation judgment by accusing her of being a prostitute in complaints he made to the Jackson Parish Sheriff's Office and to the child protection division of DHHR. She also alleged he made a late-night phone call to her at her unlisted number and placed a newspaper ad in the Jackson Independent asking anyone with information about her to contact him. These incidents were alleged to have occurred in May 1988, *1028 about six months after the divorce judgment.
To the rule for contempt, Mr. Walters filed exceptions including an exception of no cause of action. He argued that the injunction was not in effect after the divorce because it was incidental to the separation judgment, which was abated by the divorce judgment.
Mrs. Walters maintained that the injunction survived the divorce judgment because it was made "permanent" in the separation judgment and was not modified in the divorce judgment.
Mrs. Walters explains in her brief that the injunction was not mentioned in the divorce judgment because there was no personal service on Mr. Walters, who was a nonresident in the divorce proceedings, represented by a curator ad hoc. The divorce judgment expressly continued the other provisions that were contained in the separation judgment (custody and support), but not the injunctive relief. We do not speculate why this occurred. We consider only the effect and duration of the injunction in the separation judgment.

DURATION OF INJUNCTION
If a separation judgment includes orders enforcing obligations incidental to the marriage, such as spousal support, and the divorce judgment is silent on the incidental matters, the incidental orders in the separation judgment generally become ineffective after the divorce judgment. Thornton v. Floyd, supra.
An order in a separation judgment that enforces an obligation that exists independently of the marriage, such as the parental obligation to support a child, does not become ineffective or unenforceable when the order is omitted from the divorce judgment. Lewis v. Lewis, supra.
Lewis squarely declares that the child support obligation is not truly "incidental" to the marriage, even though it is customarily dealt with as an incident to actions for separation or divorce.
Lewis did not otherwise disturb, however, the general rule of Thornton v. Floyd with respect to orders in the separation judgment that relate to matters or obligations that are truly incidental to the marriage. The Lewis court overruled Thornton v. Floyd only to the extent that it is inconsistent with Lewis with respect to an obligation that exists independently of the marriage, such as child support. 404 So.2d at 1234.

AUTHORITY FOR THE INJUNCTION
The enforcement by a protective or injunctive order of the obligation not to harass one's spouse or estranged spouse is authorized, as we shall demonstrate, by two statutes which treat the obligation as incidental to, and not independent of, the marriage. The two sources of authority derive from LRS 9:306 and from LRS 46:2134-2136.

LRS 46:2134-2136
A spouse may obtain either or both, ex parte, a temporary restraining order, and, after contradictory hearing, a protective order, to prevent the other spouse from "abusing, harassing, or interfering with the person or employment or going near the residence or place of employment of the petitioner." LRS 46:2135 A(1), 2136 A(1). If a suit for separation or divorce is pending, the application for protective order must be filed in that proceeding. § 2134 D.
Protective orders issued under this statutory authority are of limited duration:
Any final protective order or approved consent agreement shall be for a fixed period of time, not to exceed three months, and may be extended by the court, after a contradictory hearing, in its discretion.
§ 2136 D.
The injunction in the separation judgment prohibits Mr. Walters "... from physically or verbally abusing or harassing [Mrs. Walters] at her residence or place of employment," in language that seems to track §§ 2135-2136 which we have quoted in part. The duration of such an injunction is limited to three months by § 2136 D.
*1029 Section 2136 D gives the trial court discretion to extend a "final protective order" that has been issued, but only after the need for the extension is established in a contradictory hearing. The trial court did not have discretion or authority to render an initial "final protective order" in the separation judgment for more than three months.
We conclude then that if the trial court enjoined Mr. Walters under LRS Title 46, it exceeded its statutory authority by "forever enjoining" him. Such an injunction in the separation judgment, rendered in February 1987 and signed in May 1987, could not have endured for more than three months and would have expired before the November 1987 divorce judgment. § 2136 D.

LRS 9:306
The trial court may have found authority for the injunction in LRS 9:306, which provides:
Following the filing of a petition for separation or divorce, either spouse may petition for, and a court may grant, an injunction, without bond, to prohibit the other spouse from physically or sexually abusing the petitioning spouse.
Unlike the provisions in Title 46, LRS 9:306 does not specify or limit the duration of the injunction prohibiting physical or sexual abuse of a "petitioning spouse." This statute, however, clearly treats such an injunction as incidental to the filing of the separation or divorce action by a petitioning spouse.
Being incidental to the separation action, an injunction derived from LRS 9:306 which is ordered in a separation judgment must be held ineffective and unenforceable where it is not expressly continued or ordered in the later divorce judgment. Thornton v. Floyd, supra.
We hold that the injunction against Mr. Walters in the separation judgment, however classified, and whether derived from LRS Title 46 or LRS Title 9, was extinguished by operation of law before the alleged conduct of Mr. Walters occurred.
The 1988 rule for contempt against Mr. Walters, alleging his violation of the extinguished injunction, should have been dismissed on his exception of no cause of action. See Thornton v. Thornton, supra.

DECREE
We hereby sustain the exception of no cause of action, reverse the conviction, set aside the sentence, and dismiss the rule for contempt. All costs, here and below, are assessed to Mrs. Walters.
REVERSED AND RENDERED.
NOTES
[1] We do not reach other issues raised in the writ application, such as excessiveness of sentence.