DOUCET, Judge.
This is an appeal from a trial court judgment denying the plaintiffs rule for contempt in connection with the defendant’s violation of injunctions issued in this domestic matter.
On March 9, 1988, Marjolaine Marie Au-clair Steele, plaintiff herein, filed suit for a separation from her husband, Roy Edward Steele, Sr. In her petition, she asked for temporary restraining orders to issue prohibiting the defendant from physically abusing, harassing, or communicating with her and from going to her residence or workplace, or accosting her in any way, and prohibiting him from alienating or encumbering community assets. A temporary restraining order was signed. A hearing was held on the permanent injunction. As a result of that hearing, in a judgment dated June 1, 1988, plaintiff was awarded use of a community-owned 1982 Chevrolet pickup truck pending partition of the community property. Both plaintiff and defendant were enjoined from alienating or encumbering community assets and from abusing, harrassing, communicating with or going to the residence or workplace of the other.
A judgment of separation was rendered on September 23, 1988. It made no mention of the injunctions or of the disposition of the truck. A judgment of divorce was rendered on March 28, 1989, also without mention of the injunctions or the disposition of the truck.
On December 4,1989, the plaintiff filed a complaint of the defendant’s interference with her use of the truck and harassment of her and asking that he be held in contempt of court and ordered to pay damages, costs and attorney’s fees. In response, the defendant filed exceptions of no cause of action and improper cumulation of actions.
After a hearing, the trial court rendered judgment granting defendant’s exceptions and dismissing plaintiff’s rule. The court ruled that, pursuant to Walters v. Walters, 540 So.2d 1026 (La.App. 2nd Cir.1989), the injunction ordered June 1, 1988 was ineffective and unenforceable, as it was not expressly mentioned in the judgment of separation. The plaintiff appeals arguing that this is an improper interpretation of 9:306[1].
After reviewing this matter carefully, we conclude that the court in Walters, supra, represents a correct interpretation of the law on this point.
The court in Walters noted at p. 1028, that:
“The enforcement by a protective or in-junctive order of the obligation not to harass one’s spouse or estranged spouse is authorized, as we shall demonstrate, by two statutes which treat the obligation as incidental to, and not independent of, the marriage. The two sources of authority derive from LRS 9:306 and from LRS 46:2134-2136.”
The court further noted that under La. R.S. 46:2134-2136:
A spouse may obtain either or both, ex parte, a temporary restraining order, and, after contradictory hearing, a protective order, to prevent the other spouse from “abusing, harassing, or interfering *812 with the person or employment or going near the residence or place of employment of the petitioner.” LRS 46:2135 A(l), 2136 A(l). If a suit for separation or divorce is pending, the application for protective order must be filed in that proceeding. § 2134 D.
Protective orders issued under this statutory authority are of limited duration:
Any final protective order or approved consent agreement shall be for a fixed period of time, not to exceed three months, and may be extended by the court, after a contradictory hearing, in its discretion.
§ 2136 D.
As in Walters, the language of the injunction presently before the court seems to track La.R.S. 46:2134-2136. If the court issued the injunction under the authority of those statutes, it expired after three months, well before the separation judgment was rendered and before the events complained of by the plaintiff.
The court in Walters also discussed, at page 1029, the duration of an injunction issued under the authority of La.R.S. 9:306, stating that:
Unlike the provisions in Title 46, LRS 9:306 does not specify or limit the duration of the injunction prohibiting physical or sexual abuse of a “petitioning spouse.” This statute, however, clearly treats such an injunction as incidental to the filing of the separation or divorce action by a petitioning spouse.
Being incidental to the separation action, an injunction derived from LRS 9:306 which is ordered in a separation judgment must be held ineffective and unenforceable where it is not expressly continued or ordered in the later divorce judgment. Thornton v. Floyd, [229 La. 237, 85 So.2d 499 (La.1956)]
Accordingly, since the injunction was not mentioned in either the separation or divorce judgment, was extinguished by operation of law before the action complained of occurred. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.

. This statute was repealed effective January 1991. The substance of this article is now contained in La.R.S. 9:372. The law on this point has not changed.