| GREMILLION, Judge.
The plaintiff, William Lee Lawrence, appeals the judgment of the trial court granting a permanent injunction prohibiting him from coming within five hundred feet of the defendant, Judith Menard Lawrence. For the following reasons, we reverse.
FACTUAL AND PROCEDURAL BACKGROUND
William and Judith were married on December 24, 1994. William filed for divorce from Judith on November 13, 1997. On November 19, 1997, Judith was served with a temporary restraining order prohibiting her from harassing or contacting William. On November 26, 1997, a temporary restraining order was granted prohibiting William from harassing or contacting Judith. On July 6, 1998, William and Judith were granted a divorce pursuant to La.Civ. Code art. 106. The divorce judgment was silent as to any injunction under La.R.S. 9:372. On December 6, 2001, Judith filed a rule for contempt, and permanent injunction. On January 18, 2002, William filed a rule to show cause for contempt, sanctions, attorney’s fees, court costs, and for injunc-tive relief. After a hearing on February 7, 2002, the trial court denied William’s rule for contempt, and granted Judith’s, finding that William had harassed her in violation of the court’s orders. Subsequently, on April 16, 2002, the trial court executed a judgment ordering that a permanent injunction be issued under La.R.S. 9:372. William timely appealed to this court.
ISSUES
William argues it was an error of law for the trial court to grant a permanent injunction pursuant to La.R.S. 9:372, because the parties had been [ ^divorced for over three years at the time it was issued.
Appellate review of a question of law is simply a decision as to whether the trial court’s decision is legally correct or incorrect. Jim Walter Homes, Inc. v. Jessen, 98-1685 (La.App. 3 Cir. 3/31/99), 732 So.2d 699. If the trial court’s decision was based on its erroneous application of law, its decision is not entitled to deference by the reviewing court. Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983). When an appellate court finds that a reversible error of law was made in the lower court, it must redetermine the facts de novo from *1203 the entire record and render a judgment on the merits. Lasha v. Olin Corp., 625 So.2d 1002 (La.1993).
La.R.S. 9:372(A) states (emphasis added):
In a proceeding for divorce, a court may grant an injunction prohibiting a spouse from harassing or physically or sexually abusing the other spouse or a child of either of the parties.
In Steele v. Steele, 591 So.2d 810 (La.App. 3 Cir.1991), the plaintiff appealed the trial court’s denial of her rule for contempt against the defendant for violating injunctions issued prior to the divorce decree. Neither the judgment of separation nor judgment of divorce, rendered in March 1989, mentioned the injunction. In December 1989, the plaintiff filed a complaint requesting that the defendant be held in contempt. The trial court dismissed the plaintiffs rule, based upon Walters v. Walters, 540 So.2d 1026 (La.App. 2 Cir.1989). We affirmed, quoting with approval Walters, stating:
Unlike the provisions in Title 46, LRS 9:306[1] does not specify or limit the duration of the injunction prohibiting physical or sexual abuse of a “petitioning spouse.” This statute, however, clearly treats such an injunction as incidental to the filing of the separation or divorce action \Rby a petitioning spouse.
Being incidental to the separation action, an injunction derived from LRS 9:306 which is ordered in a separation judgment must be held ineffective and unenforceable where it is not expressly continued or ordered in the later divorce judgment. Thornton v. Floyd, 229 La. 237, 85 So.2d 499 (La.1956).
Steele, 591 So.2d at 812, quoting, Walters, 540 So.2d at 1029. We went on to hold that, because the injunction was not mentioned in either the separation or divorce judgment, it was extinguished by law.
Furthermore, by the clear wording of the this statute, the legislature intended that a spouse, who is being physically or sexually abused during the pendency of the divorce proceeding, be able to obtain injunctive relief. Numerous other statutes dealing with divorce proceedings clearly refer to the time within which the parties can act and state: “In a proceeding for divorce or thereafter,” thus indicating a time period beyond the rendering of the judgment of divorce.[2] We, therefore, can only conclude that the legislature intended that the injunctive relief provided for in La.R.S. 9:372 must be instituted by the victim-spouse during the pendency of the divorce proceedings. Thus, the trial court erred in granting Judith a permanent injunction under this article, some three years following the completion of the proceeding for divorce when the divorce decree was silent as to any injunctions.
CONCLUSION
The ruling of the trial court is reversed. Costs of this appeal are assessed equally between the plaintiff, William Lee Lawrence, and the defendant, Judith |4Menard Lawrence.
REVERSED.
COOKS, J., Dissents, with written reasons.

. The former La.R.S. 9:306 is now La.R.S. 9:372.

. See La.Civ.Code arts. 111, 131, and 121.