It COOKS, J.,
dissenting.
The majority cites Steele v. Steele, 591 So.2d 810 (La.App. 3 Cir.1991) which af *1204 firmed the trial court’s denial of the plaintiffs rule for contempt against her former husband for violating injunctions issued prior to the divorce decree. In Steele, neither the judgment of separation nor judgment of divorce mentioned the injunction.
I agree with the decision in Steele. However, the holding of Steele does not apply to the facts of this case. For that reason, I must disagree with the majority opinion.
Judith and William Lawrence were divorced on July 6, 1998 and it is true the judgment of divorce does not mention an injunction. However, on May 8, 2001 Judith filed a Petition for Possession of Community Immovable alleging among other things “Defendant has in the past physically accosted and harmed her. She is therefore entitled to an injunction without bond prohibiting the Defendant from any contact with the Plaintiff.” On July 5, 2001, the district judge signed a Rule to Show Cause why an injunction should not issue prohibiting William from going near Judith.
On July 16, 2001 Stipulated Judgment was signed by both parties which stated: “IT IS FURTHER ORDERED, ADJUDGED AND DECREED that William Lee Lawrence and Judith Menard Lawrence shall be enjoined from abuse and harassment of each other.” William did not appeal this judgment and it, therefore, became final. On December 6, 2001, Judith filed a Rule for Contempt and for Permanent Injunction | ¡¡alleging William violated the Stipulated Judgment of July 16, 2000. On January 18, 2002, William followed suit with his own Rule to Show Cause for Contempt, Sanctions, Attorney’s Fees, Court Costs and for Injunctive Relief. He alleged in his petition Judith violated the “Stipulated Judgment rendered on June 19, 2001 and signed by the Court on July 16, 2001” by contacting “his employer both by mail and by telephone in an effort to jeopardize his employment which constitutes abject harassment on her part ....” A hearing was held on both petitions on February 7, 2002. The trial court held:
The Court has — what we have is two rules for contempt, one filed by Mr. Lawrence, which the Court denies, since there was no proof of contempt of the Court by her. As to Ms. Lawrence’s rule for contempt, the Court finds in her favor and finds that Mr. Lawrence, based on the testimony of the witnesses here today, has violated the previous order of this Court, several orders of the Court, but that basically being July 16, 2001, where he was enjoined from abuse and harassment of her. The Court finds, based on the testimony of these people, all of the witnesses, that he has conducted a system of harassment of her, therefore, the Court finds him in contempt of Court and orders him to serve 60 days in the parish jail.
(Emphasis added)
Judgment based on the hearing was signed April 16, 2001, which judgment William now appeals. While it is true the April 16, 2001 judgment cites La.R.S. 9:372 as the basis for issuing the injunction, it is clear from the record the judgment which was actually enforced is the Stipulated Judgment of July 16, 2001, not the Judgment of Divorce. William neither appealed nor filed to annul the Stipulated Judgment of July 16, 2001. It became a final judgment and, in fact, he sought to enforce it. While the April 16, 2001 judgment cites the incorrect article as the basis for the decision, it is clear, from the record, the decision of the trial court is correct and should be affirmed.
*1205 In other words, William,. through this appeal, is attempting to nullify the July 16, 2001 judgment he stipulated to and which he is now barred from attacking in any proceeding. The present appeal is nothing more than a disguised attempt to prevent ^^enforcement of the Stipulated Judgment of July 16, 2001. I concede William has done a pretty good job of keeping us focused on the April 16, 2002 judgment and trying to convince us that judgment is somehow a “new” judgment which provides him opportunity to rely on the holding in Steele to prevent its enforcement.
The July 16, 2001 judgment may have been improvidently issued in this proceeding subsequent to the divorce, however, it is well settled law that a judgment which is final may be premised on “bad jurisprudence” or “rendered without codal or statutory mandate” but once it becomes final only those “defects” found in the nullity provisions will bar its enforcement. Here, William had full opportunity to protest the signing of the judgment he actually stipulated to by filing an appeal with this Court. He failed to do so and therefore failed to urge, when he should have, that the holding in Steele bars enforcement of the July 16, 2001 judgment. As a consequence of his own failure, the law presumes he waived this right and his belated attempt to voice objection to the judge’s authority under La.R.S. 9:372 to enforce his previous judgment comes too late. Although the April 16, 2002 judgment cites 9:372, the judge’s oral reasons makes clear it is nothing more than an order enforcing the July 16, 2001 judgment which is final and non-appeal-able. It is also well settled law if there exists any basis in law to uphold a judgment, though the judge may articulate insufficient grounds for its maintenance, we may take liberty only to remark “for different reasons ... we affirm.” Ample basis exists in this case to affirm the order which merely seeks to enforce a final judgment.